**UNITED STATES of America,**
**Plaintiff,**

v.

**OREGON STATE BAR, Defendant.**

**No. 74–362.**

United States District Court,
D. Oregon.

Oct. 20, 1975.

James E. Figenshaw, Antitrust Division, Dept. of Justice, San Francisco, Cal., Sidney I. Lezak, U. S. Atty., District of Oregon, Portland, Or., for plaintiff.

Manley B. Strayer, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MORELL E. SHARP, District Judge.

Defendant seeks dismissal of the above-entitled cause. The Court, having thoroughly considered the points and authorities submitted by both parties, finds that the defendant's motion for dismissal should be granted.

This action was brought by the United States to enjoin the Oregon State Bar from further publication, distribution or suggestion of a schedule of attorneys' fees. The complaint was filed and jurisdiction obtained pursuant to Section 4 of the Sherman Antitrust Act, 15 U.S.C. § 4, alleging violation of Section 1 of the Act, 15 U.S.C. § 1. The Government contends that defendant engaged in an illegal conspiracy to fix prices because it established a suggested fee schedule for its members.

On November 22, 1974, this Court denied defendant's motion for summary judgment on the basis that the fee schedule activities of the defendant were not immune from Sherman Act attack. *U. S. v. Oregon State Bar,* 385 F.Supp. 507 (D.Or.1974). Promptly thereafter, on December 13, 1974, the Board of Governors of the Oregon State Bar passed a resolution withdrawing and canceling the suggested fee schedule. All Oregon Bar members were notified of that action. Following its cancellation of the schedule, defendant moved for dismissal on grounds of mootness. By order dated February 26, 1975, this Court denied the motion, with permission to renew it after the decision of the United States Supreme Court in the then pending appeal of *Goldfarb v. Virginia State Bar,* 497 F.2d 1 (4th Cir. 1974). The Supreme Court handed down a decision in that case on June 16, 1975. *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975). The defendant now renews the motion to dismiss on grounds of mootness.

The test for mootness in cases involving alleged illegal conduct is a strict one. *U. S. v. Concentrated Phos-*

*phate Export Association,* 393 U.S. 199, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). Voluntary cessation of such conduct does not necessarily moot a case, but the case might be moot if subsequent events make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." 393 U.S. at 203–204, 89 S.Ct. at 364. Based on the circumstances in the case at bar, the likelihood that the Oregon Bar will further engage in activities like those in issue here seems remote. The recent decision of the Supreme Court in *Goldfarb, supra,* coupled with the Oregon Bar's withdrawal of the suggested fee schedule and its announced intent to refrain from any further activity in this area indicates that the practice complained of cannot reasonably be expected to recur. This Court has no reason to doubt the good faith of the Oregon Bar Association as so expressed, and the representations of counsel for the defendant can be considered in this regard. *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). If, however, the Oregon Bar in the future does violate its declarations to this Court, the Government will be free to institute another suit claiming violation of the Sherman Antitrust Act.

Therefore, it is the conclusion of this Court that there is no longer any existing controversy to be decided in this case and the motion of defendant to dismiss for mootness should be granted.

It is so ordered.

The Clerk of this Court is instructed to send uncertified copies of this Order to all counsel of record and to prepare a judgment in accordance with this order.