Argued December 5, appeal dismissed December 27, 1978

GATES et al, *Appellants,*
*v.*
McCLURE et al, *Respondents.*
(TC 1230, SC 25701)
588 P2d 32

Edward P. Heid, of Kulongoski, Heid, Durham & Drummonds, Eugene, argued the cause and filed the briefs for appellants.

Fred A. Anderson, of Anderson, Dittman & Anderson, Tigard, argued the cause and filed the brief for respondents.

[ 685 ]

LENT, J.

**LENT, J.**

This case is before us on appeal from the Tax Court. In sustaining a demurrer to plaintiffs' complaint for declaratory decree, the Tax Court held that it had no jurisdiction "to act in the matter * * *" and dismissed the complaint without prejudice. Plaintiffs appealed to this court, ORS 305.445, asserting that the Tax Court does have jurisdiction.

The demurrer for want of jurisdiction of the subject matter was joined with a general demurrer.[1] The general demurrer admits that the defendant school district, its board of directors, and its budget committee failed to comply with the Local Budget Law, ORS 294.305 to 294.520, in several particulars preparatory to holding "a budget levy election" scheduled for March 14, 1978, by which the district would seek approval of a tax levy outside the constitutional 6 percent limitation.

Prior to oral argument in this court, defendants filed a motion to dismiss the appeal asserting that during the pendency of this appeal certain events occurred which make this case moot. The motion was supported by an affidavit as to the happening of those events. The content of the affidavit is unchallenged, but plaintiffs by memorandum asserted that, nevertheless, the case is not moot. The unchallenged facts established by the affidavit show that between the filing of plaintiffs' appeal and the filing of defendants' motion, the defendants under the guidance of the Department of Revenue and of the Department of Education took all necessary steps to comply fully with the Local Budget Law. The resulting levy was certified to the Department of Assessment and Taxation of Washington County on July 13, and initial distribution of ad valorem taxes was received by the defendant

---

[1]Defendants also demurred for an alleged defect of parties plaintiff and failure by plaintiffs to exhaust their administrative remedies. These demurrers are not relevant to our disposition of this case.

district on September 25, 1978. We took the defendants' motion under advisement and granted the parties the opportunity to argue it orally during the time alloted for argument on the merits.

Plaintiffs first of all contend that the issue presented is "* * * whether taxpayers can ensure compliance with the local budget law * * *." We do not agree. That issue is not posed by the pleadings and is not decided by the Tax Court.

Plaintiffs also contend that the issue is whether the Tax Court had jurisdiction, and that if we hold that it does, the case may be remanded to the Tax Court where the claim of mootness may be litigated. The issues raised by the plaintiffs' complaint go to the alleged illegality of the defendants' actions with respect to matters preliminary to an election which was scheduled to be held on March 14, 1978. The illegality of their procedures was recognized by the defendants, and the process was commenced anew with results of that process not challenged in this case. We perceive nothing to be gained by rendering an advisory opinion as to whether the Tax Court erred in denying jurisdiction of the subject matter and by sending the case back to that court for it to find that the case asserted in the plaintiffs' complaint is moot.

Plaintiffs contend "* * * that the Tax Court's finding of no jurisdiction frustrates the central purpose of the local budget law." We are not sure what plaintiffs claim the "central purpose" of the Local Budget Law to be, but in support of this last contention they urge that unless we overlook the mootness of this case and decide the question of whether the Tax Court had jurisdiction of the controversy existing at the time the complaint was filed, the issue of "whether taxpayers have a right to require compliance with the local budget law as the budget procedure is being followed will never be decided." We answer that the original controversy was whether the defendants had complied with the Local Budget Law, not whether

taxpayers have a right to require compliance. Defendants have conceded they did not comply, and the right of taxpayers to require compliance is not before the court.

■ Were there anything in the record to indicate that defendants' wrongful behavior (as conceded by their general demurrer) might recur, our course of action conceivably could be different. It is true, as plaintiffs assert, that mere voluntary cessation of illegal conduct does not necessarily moot a case for if it did, the wrongdoer would be free to return to his old ways. There is more in this record, however, than defendants' mere cessation; they have not only ceased but have corrected. Such was also the case with the Oregon State Bar's withdrawal of a schedule of suggested attorneys' fees in *United States v. Oregon State Bar*, 405 F. Supp 1102 (1975), in which the court decided the suit against the Bar was moot.

In that decision the point is made that voluntary cessation may not moot the case unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The case of *U. S. v. Phosphate Export Assn.*, 393 U.S. 199 (1968) states the rule that mere cessation may not moot the case. However, not only has defendants' conduct been corrected, but we are not dealing here with private businessmen accused of violation of the antitrust laws. Rather, we deal here with a municipal corporation, its elected board members and its budget committee. The individual defendants are public officials; they must answer to the public. Should they again engage in the same kind of conduct which they have conceded to be not in accordance with the Local Budget Law, such actions with the attendant additional expense necessary to correction will be readily apparent to their constituents and taxpayers. Moreover, any pattern of temporary cessation, succeeded by resumption of violation of the Local Budget Law, and followed by compliance only upon challenge should cause the next claim of mootness to fall upon a deaf judicial ear.

[ 689 ]

The motion to dismiss is allowed with costs to neither party.