ASSOCIATED REFORESTATION
CONTRACTORS, INC.,
*Respondent - Cross-Appellant,*
*v.*
STATE WORKERS' COMPENSATION
BOARD et al,
*Defendants,*
HOEDADS, INC.,
*Appellant - Cross-Respondent.*

(No. 104293, CA A20491)

650 P2d 1068

Michael B. Goldstein, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Goldstein, Drescher & Spring, Eugene.

Emil R. Berg, Portland, argued the cause for respondent - cross-appellant. With him on the brief were John R. Barker, and Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, a trade association representing the interests of reforestation companies, brought this action for a declaratory judgment that defendant Hoedads,[1] a cooperative engaged in the tree-planting business, is subject to the workers' compensation law, ORS ch 656.

The parties entered into a lengthy stipulation that described the structure and operation of Hoedads. The trial court entered a declaratory judgment. Hoedads appeal, claiming that: (1) its purchase of workers' compensation insurance on the eve of trial made the controversy moot; (2) plaintiff lacks standing to bring the action; and (3) the trial court was incorrect on the merits. Plaintiff cross-appeals, claiming that, in addition to the declaratory judgment, the trial court should have issued an injunction directing the workers' compensation agencies to require Hoedads to obtain workers' compensation coverage.

■ Hoedads first maintains that the entire controversy is moot, because it voluntarily purchased workers' compensation insurance on the eve of trial. Hoedads may have purchased the insurance, but it refused to agree that it was legally required to do so. Hoedads can cancel the coverage at any time, subjecting it to a penalty of ten percent of the estimated annual premium, or can let the policy expire after the end of one year without paying a penalty. Hoedads voted to obtain coverage once before but later changed its decision.

■ We do not agree that the issue is moot. Voluntary cessation of allegedly illegal conduct will not moot a case unless it is clear that the allegedly wrongful behavior could not reasonably be expected to recur. *Gates v. McClure,* 284 Or 685, 588 P2d 32 (1978). Here, Hoedads has refused to agree it is required to maintain coverage or to promise that it will voluntarily maintain it for any period of time.[2] The penalty it would incur for cancellation is substantial, but

---

[1] Another defendant cooperative does not appeal. The State of Oregon, the Workers' Compensation Board and its members and the Workers' Compensation Department and its director were also named as defendants.

[2] At the beginning of trial, plaintiff offered to enter into a consent judgment with Hoedads to the effect that Hoedads is a subject employer. Hoedads refused.

not prohibitive when considered in the light of Hoedads' total revenues. The essential controversy in this declaratory judgment action remains: plaintiff contends and defendant denies that defendant is legally required to maintain coverage for its workers.

Plaintiff bases its standing to bring this action on the direct economic harm it has suffered as a result of Hoedads' allegedly illegal conduct. Hoedads argues that economic harm alone is legally insufficient to confer standing without a showing that the statute allegedly transgressed was designed to protect against that type of harm, citing *Hardin v. Kentucky Utilities Co.*, 390 US 1, 88 S Ct 651, 19 L Ed 2d 787 (1968). Both parties ignore the standing requirement of the Declaratory Judgments Act:

> "Any person * * * whose rights, status or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under any such * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder." ORS 28.020.

Plaintiff asks for a construction of the workers' compensation statutes; that is, whether they apply to cooperatives. Plaintiff's "rights, status or other legal relations" are certainly affected by such statutes in that plaintiff is required to purchase workers' compensation insurance for its employees.

■ ■ We conclude that plaintiff alleged and proved enough personal stake in the outcome of this case to have standing here. Several of plaintiff's member companies offered evidence that Hoedads had underbid them and obtained reforestation contracts, with the cost of workers' compensation insurance to the member company more than equalling the amount by which Hoedads' bid was lower.[3] In an action for a declaratory judgment, such concrete and identifiable harm as this, directly caused by the allegedly illegal conduct of defendant, is sufficient to confer standing without regard to the class of persons protected by the statute defendant is alleged to have violated. The economic

---

[3] The record indicates that the cost of workers' compensation insurance in the reforestation industry varies between 11 and 16 percent of the gross amount of bids.

harm suffered by plaintiffs' members, and the substantial advantage defendant enjoys because of the absence of compensation insurance expense, is sufficient to insure that the questions will be framed with the necessary specificity, that the issues will be contested with the necessary adverseness and that the litigation will be pursued with the necessary vigor. *See Budget Rent-A-Car v. Multnomah Co.,* 287 Or 93, 597 P2d 1232 (1979).

The substantive issue in this case is whether defendant is a subject employer under the workers' compensation statutes. "Employer" is defined as

" * * * any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person." ORS 656.005(14).

A subject employer, required by ORS 656.017 to provide workers' compensation coverage for all subject workers, is defined as an employer who employs one or more subject workers. ORS 656.023. Subject workers are defined as "all workers," with certain exceptions to be discussed. A worker is defined as "any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *." ORS 656.005(28).

Hoedads makes two separate arguments that it is not a subject employer: (1) when its members perform labor and receive in return a percentage of the profits of the cooperative, they are not furnishing services "for remuneration" under ORS 656.005(28); and (2) because its workers participate in the business as partners, they are exempt from coverage under ORS 656.027(7).

Hoedads is a cooperative incorporated under ORS chapter 62. Membership in the cooperative has varied over the past few years between 150 and 400 workers, with membership of 200 at the time of trial. The cooperative is organized on the basis of crews, ranging in size from 12 to 30 members. In order to join the cooperative, a prospective member must join and maintain membership in a crew. Each crew has the right to decide its own membership. A crew has the power to terminate a member; if it does, the terminated person has thirty days in which to gain membership on another crew or lose membership in the cooperative. Each crew member has one vote in the crew and in

general cooperative meetings and receives a share of gross profits, after a deduction for administrative expenses, in proportion to the amount of work performed. *See* ORS 62.415(1). Each member must pay a $2,000 membership fee, usually paid through a deduction from earnings. This fee is refunded to the worker on termination from the cooperative.

There is an annual turnover rate in membership of approximately 25 to 30 percent. Neither the Articles of Incorporation nor the Bylaws provide a method by which the cooperative itself, as opposed to a crew, can terminate a member; however, the cooperative can remove an entire crew, without cause, by a two-thirds vote of the governing council, ratified by a majority vote of the membership at large. A crew's right of termination has been exercised in the past. A crew member may voluntarily leave the cooperative without cause and without notice, without incurring liability.

The council is the governing body of the cooperative. Each crew elects one member to the council, which sets policy for the cooperative, creates a budget for its administration, sets compensation for officers and members performing administrative duties, bids on contracts and assigns contract work to the crews, who have the right to refuse work on a given job. When on the job, each crew supplies a "non-planting foreperson" (NPF). This job is usually rotated on a daily basis. The NPF serves as liaison between the crew members actually doing the tree planting and the government inspector. The planting must be done according to exacting specifications.

Hoedads first argues that its members, who perform labor in return for a share of profits in proportion to the amount of work performed, should not be considered as working for "remuneration" under ORS 656.005(28) and (14). It points out that, in the absence of profits, members may not receive any compensation for their services. It urges that patronage dividends should be treated, not as remuneration, but as incidents of an ownership interest in the cooperative.

The actualities of the relationship that member workers bear to the cooperative belie Hoedads' argument.

Members may be fired from their crews without cause, or an entire crew may be dropped. The turnover rate of workers is large, and members are free to leave the cooperative at will. The legislature chose the broad word "remuneration" to define a subject employer; we see no reason that the recompense that a worker receives for his labor should not be considered remuneration just because the amount varies with the profits of the organization.

We also see no merit in Hoedads' contention that it is exempt from coverage as a partnership. ORS 656.027(7). Even accepting the proposition that cooperatives might be distinct entities for some purposes, but not for others,[4] we disagree that Hoedads is essentially a partnership. A partner may not be excluded from the partnership at the will of the other partners. Again, the fact that pay is contingent on profits does not transform an employer into a partnership. Members retain only limited control through elected representatives on the governing council. They may be thought of as having a proprietary interest in the cooperative, for the period in which they are members, but this is not inconsistent with what remains in essence an employer-employe relationship.

In its cross-appeal, plaintiff argues that in addition to the judgment's declaration of Hoedads' being a subject employer, the judgment should have included an order directing the defendant state agencies to discharge their duties under ORS 656.052. That statute provides in relevant part:

"(1)  No person shall engage as a subject employer unless and until he has provided coverage pursuant to ORS 656.017 for subject workers he employs.

"(2)  Whenever the director has reason to believe that any person has violated subsection (1) of this section, the director shall serve upon him a proposed order declaring him to be a noncomplying employer and containing the

---

[4]

"* * * Cooperative associations are neither partnerships nor ordinary business corporations, and the Legislative Assembly has recognized their distinct character by enacting a special chapter of the Code to deal with them. ORS ch 62." *Kuhns et ux v. State Tax Com.*, 223 Or 547, 554, 355 P2d 249 (1960).

amount, if any, of civil penalty to be assessed pursuant to ORS 656.735(1)."

It appears from the briefs that Hoedads is currently maintaining workers' compensation insurance and so is not in violation of the statute. We decline to modify the judgment.

Affirmed.