Submitted on petition for review filed May 21, petition granted, decision of the Court of Appeals reversed, and case remanded to Court of Appeals with instructions to dismiss appeal as moot August 5, 1986
See 81 Or App 523 (1986)

OREGON REPUBLICAN PARTY et al,
*Respondents on review,*

*v.*

STATE OF OREGON et al,
*Petitioners on review.*

(CC 151 883; A35035; SC S32877)

722 P2d 1237

Dave Frohnmayer, Attorney General, Salem, James E. Mountain, Jr., Solicitor General, Salem, and Linda DeVries

Grimms, Assistant Attorney General, Salem, filed the petition for petitioners on review.

John R. Faust, Jr., Portland, Mildred J. Carmack, Portland, and Schwabe, Williamson, Moore and Roberts, Portland, filed the response for respondents on review.

PER CURIAM

## PER CURIAM

Petitioners, the Attorney General and Secretary of State, seek review of a decision of the Court of Appeals holding that a certain plan of the Oregon Republican Party did not violate the Corrupt Practices Act provision that "[n]o person * * * shall directly or indirectly subject any person to undue influence with the intent to induce any person to: (a) * * * vote." ORS 260.665(2). Finding that the matter was moot at the time the Court of Appeals decided it, we grant the petition for review, reverse the decision of the Court of Appeals and remand the case to be dismissed.

This case began as a plan of the Oregon Republican Party (Party) to encourage absentee voter participation in the November, 1984, general election. The Party's plan called for sending stamped, self-addressed envelopes to voters, together with absentee ballot request forms. The voters were told how to obtain an absentee ballot in person, if they chose. If they preferred, the Party offered to process their application for them if the voters were to return their application to the Party in the envelope provided. Apprised of the plan, the Secretary of State asked the Attorney General for an opinion as to its legality. He concluded that the plan violated ORS 260.665(2)(a).

In early October, 1984, the Party brought the present action against the Secretary of State and the Attorney General (the State) to determine the legality of the plan. The trial court, agreeing with the State, ruled that providing the stamped envelope constituted giving something of value in order to induce a person to vote, thereby directly violating ORS 260.665(1) and (2)(a). The Party appealed to the Court of Appeals.

Before the Court of Appeals, the Party advanced three theories for reversal of the trial court: (1) The pre-stamped, self-addressed business reply envelope was not a "thing of value" within the meaning of ORS 260.665(1), so the giving of it did not constitute the use of undue influence under ORS 260.665(2)(a); (2) even if it is a thing of value, giving the envelope does not unduly influence a person *to vote*; and (3) if ORS 260.665(1) and (2)(a) are construed to prohibit the Party's planned mailing, they violate rights guaranteed under the United States and Oregon Constitutions.

The Court of Appeals majority, after holding that the envelope was a thing of value, accepted the second argument, *viz.*, that the envelope did not violate the act because it did not reward the act of voting, and reversed and remanded. *Oregon Republican Party v. State of Oregon,* 78 Or App 601, 717 P2d 1206 (1986). The concurring judge thought the envelope was not a thing of value. The state then brought this petition for review.

The Court of Appeals acknowledged that this case is, strictly speaking, moot. The complaint and the trial court judgment related only to the long-past November, 1984, general election. The court nonetheless justified entering a decision by this footnote:

> "Although the 1984 election has passed, this case is not moot. It is both 'capable of repetition, yet evading review,' *Whipple v. OSAA,* 52 Or App 419, 421 n 1, 629 P2d 384, *rev den* 291 Or 504 (1981), and is of sufficient public importance so that we should consider it, even if we would otherwise treat it as moot. *Perry v. Oregon Liquor Commission,* 180 Or 495, 498-499, 177 P2d 406 (1947); *Harris v. Board of Parole,* 47 Or App 289, 291-292 n 2, 614 P2d 602, *rev den* 290 Or 157 (1980); *see also Int'l Electrical Workers v. Central Lincoln PUD,* 69 Or App 127, 129-130, 684 P2d 611 (1984)." 78 Or App at 603 n 1.

Assuming the doctrine of "capable of repetition, yet evading review" exists in Oregon — and this court, as opposed to the Court of Appeals, has never so held — the doctrine is misplaced here. The Party could have saved the justiciability of this controversy by alleging that it intended to utilize the same plan in future elections; it did not do so. The issue "evades review" only because the complaining party has so limited it.

The "public importance" question is arguably closer, assuming we still wish to adhere to the *Perry* opinion on occasion, *but see Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 723 P2d 298 (1986); *Hay v. Dept. of Transportation,* 301 Or 129, 134, 719 P2d 860 (1986); *State ex rel Oregonian Publishing Company v. Sams,* 298 Or 329, 332, 692 P2d 116 (1984); *Oregon Medical Assoc. v. Rawls,* 281 Or 293, 574 P2d 1103 (1978). But this case is not one in which even to consider the "public importance" issue: This complainant had the power to attempt to create a justiciable controversy that would

survive the 1984 general election simply by alleging it would use the plan in future elections, but it chose not to do so.

The petition for review is granted. The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals with instructions to dismiss the appeal as moot.