Argued and submitted July 28, 2014, affirmed September 30, 2015, petition for review allowed January 14, 2016 (358 Or 529)

**MT & M GAMING, INC.,**
a Washington corporation,
*Plaintiff-Appellant,*

*v.*

**CITY OF PORTLAND,**
an Oregon municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
121114443; A154206

360 P3d 611

Thomas R. Rask, III, argued the cause for appellant. With him on the briefs were William Dickas and Kell, Alterman & Runstein, LLP.

Denis M. Vannier argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

In this declaratory judgment action, the trial court granted summary judgment to the City of Portland after concluding that MT & M Gaming, Inc. (MT & M), a Washington corporation with no operations in Oregon, lacked standing under the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160. On appeal, we write only to address MT & M's argument that it has standing because it lost customers as a result of permits issued by the city to businesses in Portland, which MT & M contends are operating in violation of Oregon law. The city responds that the trial court correctly concluded that MT & M lacks standing because it failed to show that it has a legal interest in the application of Oregon law. We agree with the city that MT & M lacks standing. Accordingly, we affirm.

Whether a plaintiff has standing under the Uniform Declaratory Judgments Act is a legal question, which we review for legal error. *Thunderbird Mobile Club v. City of Wilsonville*, 234 Or App 457, 465, 228 P3d 650, *rev den*, 348 Or 524 (2010).

The relevant facts are undisputed. MT & M is a Washington corporation that owns and operates a casino that hosts poker games "a few miles north of the Portland metropolitan area." In recent years, the city has issued permits to businesses in Portland that charge a membership fee and offer poker games and other games of chance to members. Alleging that such businesses have drawn patrons and revenue away from its casino, MT & M commenced a declaratory judgment action against the city seeking a declaration stating, among other things, that, if a business charges a membership fee to participate in games of chance, such games are not "social games," and therefore are not excluded from the definition of gambling by ORS 167.117(21).[1] Moreover,

---

[1] ORS 167.117(21) provides:

"'Social game' means:

"(a)  A game, other than a lottery, between players in a private home where no house player, house bank or house odds exist and there is no house income from the operation of the social game; and

"(b)  If authorized pursuant to ORS 167.121, a game, other than a lottery, between players in a private business, private club or place of public

MT & M asked the court to declare that businesses commit the crime of unlawful gambling, ORS 167.127,[2] and violate various city ordinances, if they charge membership fees in exchange for the right to participate in games of chance.

MT & M and the city each filed motions for summary judgment. The trial court denied MT & M's motion and granted the city's motion, concluding that MT & M lacked standing because it "neither alleged nor made any showing that it is in the legal 'system' it challenges, nor even that it seeks to be and has been prevented from participating in that legal 'system.'"

On appeal, plaintiff renews its arguments from below, contending that its alleged loss of business is sufficient to give it standing. We disagree.

"'Standing' is a term of art that is used to describe when a party possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Morgan v. Sisters School District #6*, 353 Or 189, 194, 301 P3d 419 (2013). Whether a plaintiff has standing depends on the particular requirements of the statute under which he or she is seeking relief. *Local No. 290 v. Dept. of Environ. Quality*, 323 Or 559, 566, 919 P2d 1168 (1996).

Here, plaintiff seeks relief under the Uniform Declaratory Judgments Act. ORS 28.020 provides that, under that act,

> "[a]ny person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

accommodation where no house player, house bank or house odds exist and there is no house income from the operation of the social game."

[2] ORS 167.127 provides:

"(1) A person commits the crime of unlawful gambling in the first degree if the person knowingly promotes or profits from unlawful gambling.

"(2) Unlawful gambling in the first degree is a Class C felony."

Consequently, "to seek relief under the Uniform Declaratory Judgments Act, a plaintiff must establish that his or her 'rights, status, or other legal relations' are 'affected by' the relevant instrument." *Morgan*, 353 Or at 194. Three considerations are relevant to that inquiry: To have standing (1) there must exist "some injury or other impact upon a legally recognized interest beyond an abstract interest in the correct application or the validity of a law"; (2) "the injury must be real or probable, not hypothetical or speculative"; and (3) "the court's decision must have a practical effect on the rights that the plaintiff is seeking to vindicate." *Id.* at 195-97.

Additionally, the use of the present tense phrase "are affected" in ORS 28.020 implies that, to be justiciable under the Uniform Declaratory Judgments Act, "the controversy must involve a dispute based on present facts rather than on contingent or hypothetical events." *US West Communications v. City of Eugene*, 336 Or 181, 191, 81 P3d 702 (2003).

Thus, the initial question is whether MT & M's "legally recognized interests" are affected by the state and local laws that it asks the court to construe. *Morgan*, 353 Or at 195. We begin with MT & M's contention that the "measure-able reduction in its patronage and revenue from its customers who reside in Portland" is a sufficient interest to grant it standing under ORS 28.020. Citing *Assoc. Reforestation v. State Workers' Comp. Bd*, 59 Or App 348, 650 P2d 1068 (1982) (*Reforestation*); *League of Oregon Cities v. State of Oregon*, 334 Or 645, 56 P3d 892 (2002); and *Thunderbird*, 234 Or App 457, MT & M argues that Oregon courts have held that economic interests are sufficient to provide standing under the Uniform Declaratory Judgments Act and that MT & M's economic interests are equivalent to those of the plaintiffs in those cases. The city responds that MT & M is unlike the plaintiffs in each of those cases because, as an outsider to the Oregon legal system, MT & M's economic interests are untethered to the laws that it asks the court to construe. We agree with the city. As each of the cases relied on by MT & M demonstrate, when economic harm is alleged, it is the relationship between the plaintiff's economic interest and the law that is the subject of the declaratory action that

is determinative of the issue of standing under the Uniform Declaratory Judgments Act. MT & M has failed to show a connection between its economic interests and the law that it challenges.

In *Reforestation*, a trade association representing the interests of reforestation companies brought a declaratory judgment action against a tree-planting cooperative, seeking a declaration that the cooperative was subject to workers' compensation law, ORS chapter 656. *Reforestation*, 59 Or App at 350. Several of the association's member companies offered evidence that the cooperative, which had not purchased workers' compensation insurance, had obtained contracts while underbidding the member companies by an amount less than or equal to the cost of the insurance. *Id.* at 351. Referring to the workers' compensation statutes, the cooperative argued that the trade association lacked standing because "economic harm alone is legally insufficient to confer standing without a showing that the statute allegedly transgressed was designed to protect against that type of harm." *Id.* at 351. We rejected that argument because the statutory basis for standing under the Uniform Declaratory Judgments Act is ORS 28.020. *Id.* at 351. We ultimately concluded that the trade association had standing in light of ORS 28.020, reasoning that "[p]laintiff asks for a construction of the workers' compensation statutes; that is, whether they apply to cooperatives. Plaintiff's 'rights, status or other legal relations' are certainly affected by such statutes *in that plaintiff is required to purchase workers' compensation insurance for its employees.*" *Id.* (emphasis added). Thus, although the manner in which the member companies were affected was economic, it was not the mere fact that the companies were affected economically that conferred standing. Instead, the association had standing by virtue of the additional fact that it and its member companies were subject to the workers' compensations laws that were the subject of the declaratory judgment action.

The analysis in *Thunderbird* and *League of Oregon Cities* is consistent with that in *Reforestation*. In *Thunderbird*, an owner of an Oregon mobile home park brought a declaratory judgment action seeking a construction of a city ordinance that required mobile home park owners to obtain a

permit before closing a mobile home park located in the city. 234 Or App at 466. The owner alleged that the only potential purchasers that it had found would require it to close the park. *Id.* We concluded that the owner had standing because

> "the ordinance presently affects the marketability and value of plaintiff's property. Plaintiff requested relief for a declaration that the ordinance is unlawful would, if granted, appear to have an immediate effect on plaintiff's legal interest."

*Id.* at 467-68.

Similarly, in *League of Oregon Cities*, in which several parties brought declaratory judgment actions related to a measure that would require local governments to compensate landowners for the cost of regulations affecting their property value, each of the parties with standing had standing, in part, because they were subject to the law that they asked the court to construe. Several of the plaintiffs were subject to the law because they were landowners, and another was a landowner and a public official. With regard to those plaintiffs, the Oregon Supreme Court considered only how the measure affected them in relationship to their legal interests as landowners or as public officials. The court concluded that some landowners lacked standing because they had not shown how the measure would adversely affect them as landowners, while another had standing because he had alleged plausible and concrete ramifications of the measure affecting him as a landowner, including the decreased value of his ranch and reduction in stream flow. *Id.* at 659-62. Another landowner had standing because, in addition to his status as a landowner, as Mayor of Jacksonville, he had sought to prevent development that he alleged would reduce property values in Jacksonville. *Id.* at 660-61. The court also concluded that local governments that were subject to the measure, and would incur costs as a result, had standing. *Id.*

Thus, while it is true, as MT & M observes, that each of the plaintiffs with standing in its cited cases was economically affected by the relevant law, the city is correct that in each of those cases the plaintiffs did not have

standing because of the mere fact that they were harmed economically. ORS 28.020 requires something more—it requires that a plaintiff's "legally recognized interest" is affected by the law that is the subject of the declaratory action. *Morgan*, 353 Or at 195.

Here, even if MT & M has shown that it has been economically affected by the city's grant of permits to poker clubs operating in Portland, it has failed to show that that economic effect has any relationship to its present legal interest. Indeed, it appears that MT & M, which has not alleged that it does business or owns property in Oregon, is not subject to the laws it asks the court to construe and, in fact, has no legal interests in the state. Consequently, even assuming that MT & M was economically harmed, such harm alone is insufficient to confer standing under ORS 28.020. Accordingly, we affirm.

Affirmed.