Argued and submitted April 11, affirmed August 30, 2017

Dale KREIN,
and Debra Krein,
*Plaintiffs-Respondents,*

*v.*

Karen M. SZEWC,
and Jon Updegraff,
*Defendants-Appellants.*

Jackson County Circuit Court
120553L2; A159610

403 P3d 520

Clayton C. Patrick argued the cause and filed the briefs for appellants.

Michael W. Franell argued the cause and filed the brief for respondents.

Before DeVore, Presiding Judge, and Garrett, Judge, and James, Judge.*

---

* James, J., *vice* Duncan, J. pro tempore.

**DeVORE, P. J.**

In this nuisance action, defendants appeal from a judgment awarding damages and entering an injunction. The injunction requires defendants to have their dogs undergo devocalization ("debarking"). Defendants assign error to the injunction, contending that plaintiffs failed to plead that they had no adequate remedy at law and that, in any event, damages suffice as an adequate remedy. Defendants also assign error to an order that granted plaintiffs' motion for partial summary judgment, contending that issues of fact precluded summary judgment. In particular, defendants contend that the court should not have given preclusive effect to Jackson County's prior administrative ruling rejecting defendant's farm use defense under ORS 30.935 and ORS 30.936.[1] The parties dispute whether the trial court gave preclusive effect only as to one of the defendants, Szewc, or both defendants, and only as to circumstances extant at the time of that proceeding, or also as to the current circumstances at the time of trial. We conclude that the trial court did not err in granting the injunction nor in granting partial summary judgment with a limited effect. Accordingly, we affirm.

## I. BACKGROUND

Plaintiffs are neighbors of defendants Szewc and Updegraff. Around 2002, defendants began breeding Tibetan Mastiff dogs. According to plaintiffs, the "dogs bark[ed] uncontrollably for long periods of time while defendants [were] away from the residence."

In 2004 and 2005, Jackson County issued a citation to defendant Szewc for violating a county code provision by allowing two of her dogs to bark frequently and at length. In 2006, a hearings officer determined that Szewc had violated the code provision on public nuisance. *See* Jackson County Code § 612.09 (c)(2) (unreasonably causing noise disturbance). In a 22-page opinion, the hearings officer rejected

---

[1] ORS 30.935 prohibits local laws that make a "farm practice," as defined in ORS 30.930, a nuisance or a trespass. ORS 30.936 provides, in part, that "[n]o farming or forest practice on lands zoned for farm or forest use shall give rise to any private right of action or claim for relief based on nuisance or trespass."

Szewc's farm use defense under ORS 30.935 and ORS 30.936, concluding that the defense was "not available to the defendant for the events that gave rise to [the citation]." Among other things, the opinion determined that Szewc did not have a "farm," that her activities were not a "farm use," that the use exceeded the level of agricultural activity allowed in the property's zoning, and that the manner in which Szewc employed the dogs was not reasonable. Szewc was fined $400, and she was ordered to prevent the two dogs from barking by debarking them or moving them to a different property. The decision was challenged on appeal and affirmed without opinion. *Szewc v. Jackson County*, 222 Or App 525, 195 P3d 492 (2008).

In 2012, plaintiffs brought this action alleging that defendants, Szewc and Updegraff, had not taken the necessary steps to prevent the dogs from barking and disturbing their neighbors. Plaintiffs alleged that "[t]he noise from defendants' dogs has substantially and unreasonably harmed the ordinary occupation of plaintiffs' property and caused an interference with the enjoyment of plaintiffs' land. Defendants have intentionally and maliciously caused the nuisance." In the prayer for relief, plaintiffs requested "damages caused by extreme nuisance of defendants' dogs barking incessantly" from 2002 to the present and "an injunction against defendants from having any dogs * * * that bark so as to disturb their neighbors."

Defendants answered by asserting the farm use immunity defense as an affirmative defense. Defendants alleged that they owned and operated a farm as defined in ORS 30.930 and that their Tibetan Mastiffs were trained as guard dogs for their livestock operation. Defendants asserted that the use of guard dogs is an acceptable method to protect livestock from predators and that the use constitutes a "farming practice" under the statute.

Plaintiffs filed a motion for summary judgment that asked that the court grant either partial summary judgment against Szewc for nuisance between 2002 and the date of the 2006 administrative decision or grant complete summary judgment against both defendants for the entire nuisance claim. Defendants responded that there

were issues of fact on the nuisance claim and the farm use defense. Defendants argued there was "insufficient evidence in the record for the court to determine whether or not issue preclusion would apply" so as to use the county's determination against Szewc. After a hearing, the trial court denied plaintiffs' broader motion as it pertained to issues of liability and damages, granted a narrowed motion as to issue preclusion on Szewc's use of the farm use defense for events up to 2006, but denied the motion as to preclusion regarding Updegraff's farm use defense.

Before trial, plaintiffs filed a second amended complaint that again alleged substantial and unreasonable harm from the dogs' barking, and, in the prayer for relief, requested an injunction. Defendants' answer included a counterclaim and affirmative defenses, but, this time, did not include the farm use defense.

At the end of trial, the jury returned a verdict in favor of plaintiffs, finding liability for negligence and nuisance both between 2002 and 2006 and in the time thereafter. The jury found damages of $238,942. The trial court entertained additional evidence on the request for an injunction. Granting the injunction, the court entered judgment, providing:

"Within 60 days of the date of this judgment, defendants will make sure that all mastiffs on either property have undergone total devocalization by board certified veterinarian surgeons. Additionally, any new mastiffs brought to the property must have undergone total devocalization by a board certified veterinarian surgeon prior to the time they are brought to the property. If any of the dogs having undergone total devocalization regain their ability to bark, the defendants must have the procedure redone."

This appeal followed.

## II. INJUNCTION

The parties have not asked that we exercise our discretion to review *de novo* plaintiffs' equitable claim for injunctive relief, and we decline to do so. *See* ORS 19.415(3)(b) (*de novo* review discretionary). Accordingly, we review the trial court's legal conclusions for legal error and are bound

by the trial court's findings of fact if supported by any evidence in the record. *Eagles Five, LLC v. Lawton*, 250 Or App 413, 415 n 2, 280 P3d 1017 (2012).

On appeal, defendants argue that the trial court erred in granting the injunction for two reasons: (1) that plaintiffs did not plead in their complaint that they had "no adequate remedy at law" and (2) that, because plaintiffs received a money judgment for damages, they had an adequate legal remedy to date and they could seek the remedy again in the future.[2] *Knight v. Nyara*, 240 Or App 586, 597, 248 P3d 36 (2011) ("An injunction is an extraordinary remedy, to be granted only on clear and convincing proof of irreparable harm when there is *no adequate legal remedy.*" (Emphasis added.)) Plaintiffs respond that they pleaded ultimate facts that would allow a finder of fact to determine that plaintiffs had no adequate remedy at law to stop the dog barking. Plaintiffs argue that the trial court found that plaintiffs had proven by clear and convincing evidence that, given the amount of time and the extent to which plaintiffs had gone to address the nuisance without success, they would suffer irreparable harm for which there was no adequate remedy at law.

Taking defendants' arguments in turn, we first address whether the trial court erred in granting the injunction, given plaintiffs' pleading. As it happens, we need not decide whether plaintiffs sufficiently alleged in the text of the complaint that plaintiff had no adequate remedy at law because that issue was tried by the consent of the parties. Because that is so, the issue is resolved by ORCP 23 B. The rule governs the amendment of pleadings when new issues or evidence are tried by consent of the parties. It provides:

> "*When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.* Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but *failure so to amend does not affect the result of the trial of these issues.* If evidence is objected to at

---

[2] Defendants do not otherwise challenge the propriety of an injunction.

the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

ORCP 23 B (emphasis added). We have explained:

"The first two sentences of ORCP 23 B govern situations in which, although issues do not appear in the pleadings, the parties nonetheless try them by express or implied consent. In those situations, the pleadings may be amended to reflect the new issues, but even if the pleadings are not so amended, the result of the trial of the unpleaded issues is not affected. In other words, when parties consent to trial of unpleaded issues, the issues are tried, even if the pleadings are *never* expressly amended to include them. In those circumstances, the consent of the adverse party is determinative, and the trial court is not called upon to consent or exercise its discretion."

*Fraker v. Benton County Sheriff's Office*, 214 Or App 473, 481, 166 P3d 1137 (2007) (emphasis in original). Stated differently, "a pleading for all practical and legal purposes is automatically amended whenever an issue not raised by the pleading is tried by consent." *Id.* at 482 (internal quotation marks omitted).

In this case, the first sentence of ORCP 23 B—trial of issues by consent—is implicated. After the jury returned a verdict on plaintiffs' claims for damages, the court turned to plaintiffs' prayer for equitable relief in the form of an injunction. The court explained that the parties had agreed to present additional evidence regarding the injunction:

"I have spoken with counsel in chambers and as I understand it, in addition to legal arguments that the parties wish to make based on the facts and how the facts relate to the law, the parties wish to present additional evidence.

"* * * * *

"I think, you know, this is—I will, you know, reopen the record to consider any additional evidence relating to whether the Plaintiffs are entitled to an injunction."

Plaintiffs' counsel responded that plaintiffs did not have an adequate remedy at law and that plaintiffs would like to put on some additional evidence. Plaintiffs' counsel made an offer of proof of tapes to show "that the barking has continued in spite of the plaintiffs pursuing legal remedies." Initially, defendants' counsel was reluctant to stipulate to the admissibility of those tapes. The court reminded defendants' counsel:

> "As I said, you want to reopen the evidence so I'm going to allow it. And so this is actually just focusing on the issue of the injunctive relief which is a separate matter for the court to consider. So, I'm exercising my discretion to open the record."

Defendants' counsel then stipulated to the admission of the tapes. Plaintiffs' counsel reiterated the purpose of the tapes:

> "They are offered merely to prove that even though they have legal action against them and the Jackson County [hearings officer] found against them, the Court of Appeals found against them, it hasn't changed the fact that they have allowed the dogs to bark."

Notwithstanding defendants' stipulation, the court asked plaintiffs' counsel to "lay a foundation for those tapes." Plaintiffs' counsel called witnesses to lay a foundation for the tapes, and the court received them. Both parties presented argument on the issue of an adequate remedy at law. There was an opportunity for defense counsel to put on evidence. The court proceeded to find that plaintiffs were entitled to injunctive relief by clear and convincing evidence because plaintiffs "lack an adequate remedy at law in terms of future activities on defendants' property which constitute that nuisance primarily because of the length of time that it's existed."[3]

In light of the hearing on the injunction, we conclude that the parties agreed to try the issue of whether plaintiffs lacked an adequate legal remedy through additional

---

[3] Defendants did not assert the pleading issue—that the complaint failed to make a requisite allegation of an inadequate remedy at law—until *after* having tried the issue by consent. Defendants raised the issue later at a hearing when objecting to the form of the judgment and after having already tried the substantive issue by consent.

evidence. Plaintiffs made an offer of proof of tapes to show that the dogs' barking has continued, despite legal remedies in prior proceedings. Defendants stipulated to the admission of the tapes. Even if the complaint did not sufficiently allege the lack of an adequate legal remedy, which we do not decide, the complaint was deemed amended to conform to the additional evidence on the issue that the parties consented to try. ORCP 23 B. Consequently, the trial court did not err in granting the injunction by reason of the allegations in the complaint. *See Smith v. Wallowa County*, 145 Or App 341, 345, 929 P2d 1100 (1996) (nuisance claim tried by consent).

We next address whether plaintiffs failed to prove that they lacked an adequate legal remedy insofar as plaintiffs had received a money judgment for damages. At the injunction hearing, plaintiffs contended that the damages awarded were for the loss of enjoyment of their property in the past, but that such damages did not stop the dogs from barking—the relief that was their purpose in the lawsuit. Plaintiffs offered tapes, which the court received, demonstrating that the dogs have continued to bark since the county's administrative decision in 2006. Defendants countered that plaintiffs should be denied future injunctive relief because they have an adequate remedy at law for money damages. The court responded, making several findings and conclusions:

"I find under the circumstances that the plaintiffs are, in fact, entitled to injunctive relief by clear and convincing evidence. I was persuaded by that higher standard that the defendants had maintained this nuisance for years and had not taken adequate measures to eliminate that activity which constituted the nuisance. I further find that the plaintiffs are entitled to that injunctive relief because they lack an adequate remedy at law in terms of future activities on defendants' property which constitute that nuisance primarily because of the length of time that it's existed.

"It's true that the plaintiffs have recovered a substantial verdict but that only relates to injuries that they sustained as a result of that nuisance between the early 2000s up until the day of trial. There was evidence that the—that between that—the defendants had in the past undertaken efforts to eliminate or reduce the dog barking by using a

citronella dog collar, dog collars by placing shock collars on the dogs, by covering portions of the fencing so that the dogs couldn't see what was going on, I guess, in plaintiffs'— on plaintiffs' property which they were thinking—I think they were thinking was inciting them to bark. By keeping the dogs indoors at night. Nothing, none of those measures turned out to be satisfactory.

"And so that's another basis why I believe that the plaintiffs lack an adequate remedy of law because the defendants, even though they took measures to try and reduce the barking, they were unwilling to deal with the—deal effectively with the problem by eliminating the barking."

In doing so, the trial court recognized that, while the damages were awarded for past nuisance, an injunction would be aimed prospectively at future nuisance. That is, damages could not suffice as an adequate legal remedy because damages would not necessarily eliminate future barking and a continued nuisance. The court's findings were supported by evidence that the barking continued since the earlier administrative proceeding through trial and evidence that defendants had not employed effective measures to eliminate the barking.

Defendants suggest that plaintiffs cannot receive damages *and* an injunction; and defendants distinguish cases where the court provided both remedies on the grounds that the damages and injunctive relief addressed different harms. *See, e.g., Alsea Veneer, Inc. v. State of Oregon*, 318 Or 33, 43, 862 P2d 95 (1993) (illustrating contention). According to defendants, here, "past and future harm is of the same kind: annoyance and inconvenience arising from the barking of appellants' guard dogs." We are unpersuaded. It is appropriate to award injunctive relief, in addition to damages, when damages alone are not an adequate legal remedy because "damages—could not, as a practical matter, recompense plaintiffs for their losses." *Alsea Veneer*, 318 Or at 43-44 (permitting both damages and equitable relief in action for unlawful transfer of funds because plaintiffs could only receive complete relief by ordering the return of funds). In addition, injunctive relief is appropriate to avoid requiring plaintiff to sue repeatedly for damages to obtain relief. *See Eldridge v. Johnston*, 195 Or 379, 411, 245 P2d

239 (1952) (Noting that, "in order to recover for his repeated wrongs, [the] plaintiffs would be compelled to bring a multiplicity of actions at law. Courts of equity will freely grant injunctions to prevent a multiplicity of actions."); *see, e.g., Lloyd Corp., Ltd. v. Whiffen*, 307 Or 674, 704, 773 P2d 1294 (1989) ("the rationale for allowing an injunction stopping a repeated trespass is to prevent the plaintiff from pursuing a judicial merry-go-round in a court of law").

In this case, the award of damages addressed past harm from the barking. Even if plaintiffs later sought damages for barking after trial, damages could not provide plaintiffs with the complete relief they seek, silencing incessant barking. Based on defendants' persistent failure to remedy the barking, the prospect that plaintiffs would have to bring multiple actions for damages would offend equitable principles that seek to prevent a "judicial merry-go-round." Consequently, the trial court did not err in granting the injunction as to future conduct, in addition to the jury's award of damages for past harm.

### III.  SUMMARY JUDGMENT

We turn to the trial court's grant of summary judgment. Because defendant assigns error to the grant of summary judgment in favor of plaintiffs, we consider the evidence in the light most favorable to defendants, the non-moving party, and affirm only if we determine that there are no genuine issues of material fact and that plaintiffs are entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997).

To resolve defendants' argument, we must first clarify the trial court's summary judgment ruling. The court granted the summary judgment motion as it pertained to Szewc's farm use defense on the ground that "the Administrative Hearing Officer's ruling shall have issue preclusive effect on defendant Szewc." In so doing, the court employed the doctrine of issue preclusion. *See Johnson & Lechman-Su, PC v. Sternberg*, 272 Or App 243, 246, 355 P3d 187 (2015) (explaining that "[a]t the summary judgment stage, issue preclusion applies as a matter of law only if it can be conclusively determined from the record" that all of the requirements for issue preclusion are satisfied).

Defendants' assignment of error couples two statements, as if one followed from the other: "The trial court erred in granting summary judgment in favor of the plaintiffs on the question of defendant's assertion of the 'farm defense' of ORS 30.935 and ORS 30.936. The trial court thus erred in refusing to allow defendants to present that defense to the jury." As the latter statement reflects, defendants believe that the ruling meant that both Szewc and Updegraff were not allowed to assert the farm use defense and that the ruling related to nuisance, not only before the 2006 administrative decision, but to circumstances through trial. Defendants support their contentions by arguing in the general terms of summary judgment that the trial court erred because "whether or not the farm use immunity statute applied depended on factual issues which were disputed, namely when and to what extent the defendants had a qualifying farm operation."

Plaintiffs rejoin that the trial court never fully precluded defendants from raising the farm use defense. Rather, they contend, the summary judgment ruling "only precluded [defendants] from raising the farm [use] defense as to defendant Szewc for the time period prior to [the date of the 2006 administrative hearing order]." Plaintiffs add that "[d]efendants chose not to raise the farm [use] defense in their amended answer and by choosing not to raise the defense, they waived the defense." Defendants insist that they did not pursue the defense at trial because they were precluded by the summary judgment order and by a purported clarification of that ruling by the court at trial.

In resolving the dispute, we find significant what defendants do not argue. Defendants have not challenged issue preclusion in terms of the familiar requirements for its application to a case. *See Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (explaining factors: identical issues; final decision; full and fair opportunity to be heard; same party or privity with party; and type of proceeding to be accorded preclusive effect). In contrast, the trial court reviewed those requirements in detail in rendering its ruling. Thus, a challenge to the applicability of issue preclusion, as a matter of legal principle, is not squarely presented or properly developed on appeal.

To the extent defendants argue that it was improper for the trial court to use the 2006 administrative decision to entirely preclude defendants from raising the farm use defense at trial, defendants misunderstand the summary judgment order itself. In that order, the court did three things. Specifically, the court:

(1)   Denied plaintiffs' motion for summary judgment as it pertained to general issues of liability and damages due to disputed issues of fact;

(2)   Granted the motion for partial summary judgment as it pertained to Szewc's farm use defense insofar as "the Administrative Hearing Officer's ruling shall have issue preclusive effect on defendant Szewc"; and

(3)   Denied the motion with respect to the farm use defense as it pertained to Updegraff, a nonparty in the administrative hearing, because the court did not have enough information to determine whether Updegraff was in privity with Szewc.

Given those rulings, we conclude that the court's limited order did not sweep so broadly as to preclude *both* Szewc and Updegraff from presenting the farm use defense, nor did it preclude the defense as to either defendant for circumstances that occurred after the 2006 decision. Our reasons are twofold.

First, the court's ruling was limited to Szewc's use of the farm use defense. The court ordered that "the Administrative Hearing Officer's ruling shall have issue preclusive effect on defendant Szewc." That language meant that the administrative decision was preclusive only as to Szewc's reliance on the farm use defense. The particular issue before the hearings officer involved a 2005 violation of the county code involving two dogs. Szewc squarely raised the farm use defense in the administrative hearing. The hearings officer determined in a 2006 order that "[t]he defense against nuisance actions under ORS 30.930 *et seq* [farm use defense] is not available to the defendant for the events that gave rise to [the citation]." The hearings officer concluded that the farm use defense was unavailable to Szewc for conduct through the date of the 2006 order. The trial court specified that it was the hearing officer's ruling

that had preclusive effect—a ruling that was itself limited to a certain point in time—and the court did not preclude Szewc from raising the farm use defense at trial as to circumstances after the 2006 administrative order. We agree with plaintiffs that the trial court's ruling did not have the effect that defendants assert.[4]

Second, because the order was limited, the court did not limit the farm use defense as to Updegraff. Defendants recognize that, in its summary judgment order, the trial court did not preclude Updegraff from raising the defense. The court had declined to do so because Updegraff had not been a party to the administrative proceeding and there was nothing in the summary judgment record to confirm that Szewc and Updegraff were in privity. Nevertheless, defendants contend that, because trial established that defendants were married, they were in privity. Indeed, Updegraff testified that he was married to Szewc. However, the court did not make a finding of privity. Nor did the court make a further ruling at trial on the scope of the prior summary judgment order as it related to the farm defense. Again, we agree with plaintiffs: The trial court did not grant summary judgment precluding the farm use defense as to Updegraff.

For those reasons, the trial court did not err in entering an injunction or in granting a limited order on summary judgment.

Affirmed.

---

[4] Defendants contend that, at the beginning of trial, the court clarified its summary judgment ruling such that both defendants were precluded from raising the farm use defense. Based on our review of the record, we disagree. The trial court's discussion at trial of the prior summary judgment ruling primarily focused on liability for public nuisance, not the farm use defense. Moreover, earlier, at the hearing on summary judgment, plaintiffs were careful to specify the time frame for which they were asking issue preclusion as to the farm use defense. Plaintiffs asserted that "at least from March of 2006 prior we are asking that the judge rule that the farm defense is not available." The trial judge responded "Okay. I think I understand." To the extent that defendants refer to plaintiffs requesting elimination of the farm defense, we find that reference to be taken out of context. Plaintiffs' counsel requested a more limited application of issue preclusion numerous times throughout the hearing. In the end, the narrowed language of the court's order is dispositive.