Argued and submitted January 15, reversed and remanded September 1, 2021

## John NEVIUS
### and Mary Von,
### husband and wife,
*Plaintiffs-Appellants,*

*v.*

## Efrain PALOMARES
### and Robyn Palomares,
### husband and wife,
*Defendants-Respondents.*

### Washington County Circuit Court
### 18CV33735; A170148

496 P3d 1130

Plaintiffs filed an action for declaratory and injunctive relief against defendants, asserting that defendants refused to comply with the terms of an easement. After initially refusing to comply with the terms of the easement, defendants later complied after the complaint was filed, but before it was served on defendants. Defendants filed a motion to dismiss under ORCP 21 A(1) for lack of subject matter jurisdiction and ORCP 21 A(8) for failure to state ultimate facts sufficient to constitute a claim for relief. In requesting dismissal under ORCP 21 A(1) and ORCP 21 A(8), defendants contended that the controversy became moot when defendants began to comply with the terms of the easement. The trial court agreed with defendants and dismissed plaintiffs' claim. Plaintiffs assign error to that denial. *Held*: The trial court erred when it dismissed plaintiffs' claims for declaratory and injunctive relief because the controversy was justiciable.

Reversed and remanded.

Janelle F. Wipper, Judge.

Peter D. Mohr argued the cause for appellants. Also on the briefs was Jordan Ramis PC. On the reply brief was also Christopher K. Dolan.

Montgomery W. Cobb argued the cause for respondents. Also on the brief were Montgomery W. Cobb, LLC; and Lewis T. Farmer and The Bridge Law Firm.

Before Ortega, Presiding Judge, and Powers, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

KAMINS, J.

Plaintiffs filed this action for declaratory and injunctive relief against defendants, asserting that defendants refused to comply with the terms of an easement. Defendants filed a motion to dismiss under ORCP 21 A(1) for lack of subject matter jurisdiction and ORCP 21 A(8) for failure to state ultimate facts sufficient to constitute a claim for relief. The trial court dismissed plaintiffs' claims, but it did not specify the grounds on which it did so. For the reasons set forth below, we reverse.

On review of a grant of a motion to dismiss under ORCP 21 A, we assume the truth of all well-pleaded factual allegations in the complaint and make reasonable inferences from those allegations in favor of plaintiffs. *Herinckx v. Sanelle*, 281 Or App 869, 871, 385 P3d 1190 (2016); *Kutz v. Lee*, 291 Or App 470, 472, 422 P3d 362 (2018). We state the facts in accordance with that standard.

An agreement entitled "Declaration of Easement for Irrigation Water Service Line and Agreement for Shared Use" (the easement) was recorded in 2006, before either plaintiffs or defendants bought their respective properties. The easement provides that plaintiffs are entitled to "one acre/foot per acre but not to exceed forty-one and one quarter acre/feet of [irrigation] water" and that, to receive that water, plaintiffs have the right to access a 15-foot wide strip of land on defendants' property "for the construction, reconstruction, maintenance, and repair of an irrigation service line and necessary appurtenances thereto." Additionally, under the terms of the easement, plaintiffs and defendants "shall each be responsible for the payment, if any, for the base amount of water attributable to each such parcel, and each shall be solely responsible for any water used over that amount on each such owner(s) property."

Plaintiffs purchased their property in 2008, and defendants purchased their property in 2013. From 2013 to 2017, defendants accepted plaintiffs' payments for irrigation water and otherwise performed all conditions required of them under the easement, including allowing plaintiffs access to the irrigation service line on and across defendants' property. However, in April 2018, defendants refused

to accept plaintiffs' tendered water payment, asserting that they were not subject to the easement either because the easement did not run with defendants' property or because defendants were not a party to it. Accordingly, defendants informed plaintiffs that they had no duty to provide plaintiffs with irrigation water and that they would not allow plaintiffs to access defendants' property, despite the terms of the easement.

After the irrigation season began on May 1, 2018, plaintiffs contacted defendants through counsel to demand that they comply with the terms of the easement. When those demands proved unsuccessful, plaintiffs filed this action on August 3, 2018. Plaintiffs' complaint and the accompanying summons was served to defendants on August 8, 2018. According to the complaint, defendants did not, at any time during the 2018 irrigation season, "allow the passage of irrigation water to Plaintiffs' Property" until August 6, 2018—after the complaint was filed, but before it was served.

Defendants filed a motion to dismiss, in which they characterized the dispute as "a one-time non-continuous misunderstanding of Defendants as to the existence of an easement of their property." Defendants argued that, "[p]rior to Plaintiffs' filing of the Complaint herein, Plaintiff's attorney was made aware that Defendants, after being made aware of the easement at issue, did not controvert its existence or enforceability" and, consequently, any prior controversy as to the existence or enforceability of the easement was resolved prior to the filing of the complaint. Defendants argued in the alternative that plaintiffs failed to state ultimate facts sufficient to constitute a claim for relief, contending that the order that plaintiffs sought would have "the same effect as the easement at issue in this matter. Therefore, no order of the Court [could] provide Plaintiffs with any relief not already provided for by Oregon contract law."

Plaintiffs filed a response to defendants' motion, in which they reiterated their allegations that defendants were already aware of the easement and had complied with it prior to the 2018 irrigation season, and that defendants did not allow for the flow of water to plaintiffs' property until after the complaint was filed. Accordingly, plaintiffs argued

that there was still a justiciable controversy as to plaintiffs' claim for declaratory relief because defendants had "made no express admission that [the easement] is valid, that it burdens their property, that it runs with the land, and that [it] is binding on them." Additionally, plaintiffs argued that because, contrary to defendants' description, the dispute did not arise from a singular misunderstanding that has been subsequently rectified, defendants' voluntary action of allowing the water to flow after the complaint was filed was not sufficient to render the controversy moot.

Defendants did not file a reply, and the parties did not request oral argument. The trial court granted defendants' motion to dismiss and ultimately dismissed plaintiffs' claims with prejudice in a general judgment, which plaintiffs appeal.

On appeal, plaintiffs argue that the trial court erred by granting defendants' motion to dismiss on either the ground that the court lacked subject matter jurisdiction (ORCP 21 A(1)) because the case was moot or that plaintiffs failed to allege ultimate facts sufficient to constitute a claim for relief (ORCP 21 A(8)). First, we note the procedural difference between the two grounds on which defendants based their motion to dismiss. When a trial court considers a motion to dismiss under ORCP 21 A(1), "the court may consider matters *outside* the pleading, including affidavits, declarations, and other evidence"; consideration of motions to dismiss under ORCP 21 A(8), by contrast, "is limited to the complaint." *Kutz*, 291 Or App at 480 (emphasis in original). On review, we determine whether the trial court erred in its judgment.

To determine whether plaintiffs stated a claim, which, if proved, would entitle them to declaratory relief, we must determine if those allegations are legally sufficient to establish the existence of a justiciable controversy. *Hays v. Dept. of Corrections*, 280 Or App 173, 174, 380 P3d 1159 (2016); *Bishop v. KC Development Group, LLC*, 300 Or App 584, 590, 453 P3d 613 (2019) (recognizing that a moot claim does not present a justiciable controversy for purposes of declaratory relief). To determine whether plaintiffs stated a claim for injunctive relief, we must determine whether

plaintiffs "pleaded ultimate facts that would allow a finder of fact to determine that plaintiffs had no adequate remedy at law." *Krein v. Szewc*, 287 Or App 481, 486, 403 P3d 520 (2017).

We first address whether the trial court lacked subject matter jurisdiction because the controversy between the parties was rendered moot when defendants allowed plaintiffs access to irrigation water. Generally, "a challenge becomes moot when a court decision will no longer have a practical effect on the rights of the parties." *Fenimore v. Blachly-Lane County C.E.A.*, 297 Or App 47, 62, 441 P3d 699 (2019) (internal quotation marks omitted). One exception to that doctrine is that the "'mere voluntary cessation of a challenged practice in a context in which the practice may be resumed does not render a claim challenging that practice moot.'" *Id*. (quoting *Safeway, Inc. v. OPEU*, 152 Or App 349, 357, 954 P2d 196 (1998)).

Defendants contend that the restoration of water flow to plaintiffs resolved the controversy because it was the "cessation of a finite three-month interruption of water flow combined with binding concessions and admissions" as to the existence and enforceability of the easement. Defendants further assert that the voluntary cessation exception is inapplicable because, once they learned of the easement, they entered into binding concessions that prevent them from rejecting its terms. *See id*. at 63 (voluntary cessation exception applies "only where the defendants maintain that they have a legal right to resume the challenged conduct *and* a court determines that a future dispute is likely" (emphasis in original)).

However, there are no declarations, affidavits or "binding concessions" from defendants that they are, in fact, legally required to comply with the easement. The closest statement in the record is found in defendants' motion to dismiss: that "after being made aware of the easement at issue, [defendants] did not controvert its existence or enforceability."[1] Defendants did not expressly state in their motion

---

[1] Defendants point out that their responses to plaintiffs' request for admissions, acknowledged the existence and enforceability of the easement. However, those responses were not filed with the trial court as required by ORCP 9 C(1),

that the easement does in fact exist and apply to them, only that they are not contesting it in the face of litigation.

Additionally, according to the allegations in the complaint and plaintiffs' declarations, defendants had complied with the terms of the easement for multiple years—including by accepting plaintiffs' payments pursuant to the easement—before asserting that it did not apply to them. And, despite being informed of the existence of the easement by plaintiffs' counsel prior to filing suit, defendants did not resume the flow of water until after plaintiffs filed suit. That scenario belies defendants' contention that learning of the existence of the easement triggered their subsequent compliance and mooted the case.

Our case law has suggested that, for a defendant to overcome the voluntary cessation exception, a defendant who has previously asserted a legal right leading to a lawsuit is required to affirmatively relinquish that right, particularly if a defendant's conduct in ceasing the activity appears calculated only to moot the lawsuit. *See Assoc. Reforestation v. State Workers' Comp. Bd*, 59 Or App 348, 350-51, 650 P2d 1068, *rev den*, 294 Or 295 (1982) (defendants' purchase of workers' compensation insurance on eve of trial did not moot case seeking declaratory judgment that defendant is subject to workers' compensation laws because defendants could cancel the policy at any time and defendant did not affirmatively acknowledge they were required to purchase it). That requirement makes sense given that the exception is designed to prevent a recalcitrant defendant from ceasing conduct while a lawsuit is pending, merely to resume it once the case is dismissed as moot. *See Progressive Party of Oregon v. Atkins*, 276 Or App 700, 709, 370 P3d 506, *rev den*,

---

and, consequently, they were not part of the trial court's record. Moreover, because those admissions, under ORCP 45 D, are "for the purpose of the pending action only, and neither constitutes an admission by that party for any other purpose nor may be used against that party in any other action[,]" defendants' responses to plaintiffs' request for admissions do not serve to disclaim defendants' right to interrupt the water flow in the future. Similarly, for the first time on appeal, defendants provide an email in which defendants' counsel asserted to plaintiffs' counsel that, "[s]ince being made aware of the easement at issue, [defendants] have not disputed its veracity in any way." However, that email, sent after plaintiffs' complaint was filed and water flow was restored, does not relinquish defendants' future right to challenge the veracity of the easement.

360 Or 697 (2016) (The "'voluntary cessation' exception is best understood to apply in cases in which the challenged 'practice' is one that the defendant can readily cease—in an effort to moot the challenge—and then resume again."); *see also Already, LLC v. Nike, Inc.*, 568 US 85, 91, 133 S Ct 721, 184 L Ed 2d 553 (2013) (for purposes of Article III standing, the voluntary cessation exception moots a case only if "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur"; "[o]therwise a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends").

Because defendants have not affirmatively agreed to follow the terms of the easement, and, according to the complaint, defendants had been aware of and complying with the easement before the current dispute arose, we agree with plaintiffs that defendants' conduct falls into the category of voluntary cessation and therefore does not render the case moot: "if the law were otherwise, wrongdoers could cease their wrongdoing as soon as complaints were filed and resume the wrongdoing as soon as the complaints are dismissed for being moot." *Tanner v. OHSU*, 157 Or App 502, 510, 971 P2d 435 (1998). Assuming the truth of the well-pleaded allegations in the complaint and making reasonable inferences therefrom, we conclude that plaintiffs have established the existence of a justiciable controversy as to the parties' rights under the easement. Accordingly, the trial court erred when it dismissed plaintiffs' claim for declaratory relief as moot.

We turn to the question of whether plaintiffs sufficiently stated a claim for injunctive and declaratory relief. Applying the same legal standards, we conclude that the trial court erred in dismissing the complaint on the basis articulated in defendant's motion to dismiss.

We briefly address one further contention on appeal. Defendants contend, for the first time on appeal, that plaintiffs failed to state a claim because they did not include in their complaint phrases stating specifically that they had "no adequate remedy at law" or that they would suffer "irreparable harm." Defendants cite no authority for the

proposition that a complaint must include those magic words rather than simply include ultimate facts that would allow a factfinder to determine that plaintiffs did not possess an adequate legal remedy or suffered irreparable harm. *See* ORCP 18 (requiring that a complaint contain "[a] plain and concise statement of the ultimate facts constituting a claim for relief"); *Sander v. Nicholson*, 306 Or App 167, 183, 473 P3d 1113, *rev den*, 367 Or 290 (2020) ("A party who suffers interference with the right to use an easement may bring an equitable claim, seeking an injunction, or, if an injunction is not sufficient or appropriate, seeking to be awarded monetary relief in addition or in the alternative."). Thus, even if the argument qualifies for review on a right for the wrong reason basis, we reject it.[2]

Reversed and remanded.

---

[2] In their motion to dismiss before the trial court, defendants argued that plaintiffs' complaint as a whole should be dismissed "because it fails to state ultimate facts sufficient to constitute a claim for relief." On appeal, however, defendants make that argument as to plaintiffs' claim for injunctive relief only; they no longer contend that plaintiffs failed to state a claim for declaratory judgment. That implicit concession is well taken: "As a rule, an action for declaratory judgment may not be dismissed for failure to state a claim. If the complaint presents a justiciable controversy, a motion to dismiss brought under ORCP 21 A(8) should be denied." *Clark v. City of Albany*, 142 Or App 207, 212, 921 P2d 406 (1996).