Submitted January 2, reversed and remanded May 28, petition for review denied October 8, 2015 (358 Or 69)

## Gayle A. STERNBERG,
*Plaintiff-Appellant,*

*v.*

## Bradley LECHMAN-SU,
*Defendant-Respondent.*

Multnomah County Circuit Court
110708916; A151370

350 P3d 593

Gayle A. Sternberg filed the briefs *pro se.*

Jonathan M. Radmacher and McEwen Gisvold LLP filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

**HADLOCK, J.**

In this action for legal malpractice, the trial court dismissed plaintiff's third amended complaint for failure to state a claim, ORCP 21 A(8), and on the ground that the complaint showed that the action was not commenced within the time limited by statute, ORCP 21 A(9). On appeal, plaintiff challenges those rulings in her first and second assignments of error. We conclude that some of plaintiff's specifications of negligence state a claim and are not barred by the statute of limitations and, accordingly, reverse and remand for further proceedings on those specifications. We reject plaintiff's other assignments of error without discussion.[1]

On review of the grant of a motion to dismiss under ORCP 21 A(8) and (9), we accept as true "factual allegations in the complaint and all reasonable inferences arising from those allegations." *Johnson v. Babcock*, 206 Or App 217, 219, 136 P3d 77, *rev den*, 341 Or 450 (2006) (discussing ORCP 21 A(8)); *see also Guirma v. O'Brien*, 259 Or App 778, 780, 316 P3d 318 (2013) (same standard under ORCP 21 A(9)). We state the relevant facts, which are few, in accordance with that standard. Plaintiff's malpractice claim arose from defendant's representation of plaintiff in a dissolution of marriage case. Plaintiff's former husband worked as an accountant for the federal government for 38 years. The dissolution court signed a general judgment on July 17, 2009.

Plaintiff, acting *pro se*, filed this malpractice action on July 13, 2011, slightly less than two years after the court signed the dissolution judgment. On September 7, 2011, she filed an amended complaint. Defendant moved to dismiss that complaint for failure to adequately plead causation. Alternatively, defendant moved to strike certain matters and

---

[1] In her third assignment of error, plaintiff contends that the trial court abused its discretion when it denied her requests for temporary restraining orders. In her fourth assignment of error, plaintiff challenges the trial court's conclusion that, because the trial court record did not reflect that plaintiff had filed her supersedeas undertaking in the trial court, the court could not rule on the effectiveness of the supersedeas undertaking. In her fifth assignment of error, plaintiff contends that the court erred in signing the first order dismissing her claims without prejudice because the written order contained grounds for dismissal that the trial court had not mentioned in its oral ruling. As noted in the text, we reject those assignments of error without published discussion.

for an order requiring plaintiff to make more definite and certain the dates on which she learned of the elements of her claim against defendant. Plaintiff did not file a response to defendant's motions, and, after a hearing, the court granted them but gave plaintiff leave to replead.

Within the time allowed by the court, plaintiff filed a second amended complaint, which contained more specifications of negligence and more information about the existing specifications.[2] Defendant moved to dismiss plaintiff's second amended complaint with prejudice pursuant to ORCP 54 B(1), which provides that a defendant may move for a judgment of dismissal "[f]or failure of the plaintiff to * * * comply with * * * any order of the court," and ORCP 21 "because of (1) Plaintiff's failure to comply with this Court's Order on Defendant's first ORCP 21 motions, (2) Plaintiff's [Second] Amended Complaint's failure to state facts sufficient to state a claim for relief, and (3) the fact that Plaintiff's claim is barred by the statute of limitations." Again, plaintiff filed no response. Plaintiff did not appear at the hearing on the motion, and the court granted the motion and dismissed under ORCP 21, but gave plaintiff leave to replead before January 30, 2012.

Plaintiff repleaded on January 30. Again, her new complaint contained more information than the last one had. Defendant moved to dismiss that third amended complaint with prejudice on the same grounds identified in his second motion. Again, plaintiff filed no written response, but she did appear and present argument at a hearing on defendant's motions.

The statute of limitations was the only topic of discussion at that hearing. In accordance with some of the allegations in the third amended complaint, plaintiff argued that her claims were not time barred because (1) she had reasonably relied on her attorney to represent her adequately and had not discovered his failures until after the dissolution

---

[2] Because plaintiff entitled all of her complaints apart from the very first one—which she amended before defendant filed any response—"Complaint (Amended)," the parties and the court did not refer to them by uniform terms. We refer to the amended complaints as the first, second, and third amended complaints, reflecting the order in which plaintiff filed those pleadings.

judgment was signed, which was less than two years before she filed this action, and (2) she was not actually harmed until after the judgment was signed. Defendant, through counsel, disagreed. He contended that plaintiff had known all of the relevant facts before the dissolution judgment was signed and that, because "one or more of [plaintiff's] claims are barred by the statute of limitations," "the entirety of her lawsuit is * * * barred by the statute of limitations."

The court granted defendant's motion:

"Okay. So Ms. Sternberg, the Court has reviewed all of the pleadings again, and finds once again that you haven't complied with the Court's orders. * * *

"And you know, you haven't corrected the defects that we had noted before in the [first amended] complaint and the [second] amended complaint, and *to the extent that there are—appear to be claims that may have been pled, that may constitute malpractice claims, on the face of the pleading here, they're barred by the statute of limitations.*

"So we are going to have to dismiss the case, and we've given—this is the third opportunity to have you try to state cognizable claims, and they just—it's just not there.

"So we have to dismiss the complaint with prejudice at this point * * *.

"But the Court has given you ample opportunity to try and state cognizable claims and really has gone out of its way to give you every opportunity to do that, and *it just looks like the claims that you're attempting to state are barred by the statute of limitations because of the time periods that are involved.*"

(Emphases added.) Accordingly, the court entered an order granting defendant's motion and a general judgment of dismissal.

On appeal, plaintiff assigns error to the dismissal, asserting that her third amended complaint did state a claim and was not barred by the statute of limitations. Defendant responds that many of plaintiff's specifications were barred by the statute of limitations. He also contends that, despite the trial court's order that plaintiff state with specificity when she had learned that defendant's acts and omissions

had caused her harm, plaintiff failed to allege those dates. Accordingly, defendant contends, "[t]he trial court's action [(dismissal)] to enforce its prior orders, particularly given the allegations before the trial court that showed Plaintiff knew of her claims more than two years before she filed her lawsuit, was proper and should be affirmed."

At the outset, we note that the court did not express any intention to dismiss adequately pleaded claims as a penalty for failure to comply with its orders in other respects. Rather, as demonstrated by the court's statements at the hearing, quoted above, the court concluded that none of plaintiff's specifications of negligence stated a claim that was not time barred. In light of that conclusion—and defendant's arguments, both below and on appeal, tying the ORCP 54 B(1) motion to the contention that none of the claims have merit—we do not understand defendant's motion to dismiss under ORCP 54 B(1), and the court's grant of that motion, to affect any adequately pleaded claims. Accordingly, we need not, and do not, consider whether a court may dismiss an adequately pleaded claim as a sanction for failure to comply with a court order requiring more specificity and, if it may, whether it must make findings before doing so. *See Johnson v. Eugene Emergency Physicians, P.C.*, 159 Or App 167, 171, 974 P2d 803, *rev den*, 329 Or 126 (1999) (accepting, for purposes of deciding the case, the parties' agreement that "the standards applicable to a sanction for a discovery violation under ORCP 46 B(2) are also applicable to ORCP 54 B(1)"; ORCP 46 B(2) requires "findings of fact and [an explanation of] why the sanction of dismissal is 'just'"); *Horton v. Nelson*, 252 Or App 611, 615-21, 288 P3d 967 (2012) (reviewing for whether the complaint stated a claim after dismissal that was based, in part, on failure to comply with order of the court about content of pleading).

Thus, our task is to determine whether any of plaintiff's specifications of negligence both state a claim and include allegations that would allow a reasonable trier of fact to determine that the claim is timely. We conclude that some—but not all—of the specifications do both. Accordingly, we reverse and remand for further proceedings on only those specifications of negligence, which we identify below.

To state a claim under ORCP 21 A(8), "a complaint must contain factual allegations that, if proved, establish the right to the relief sought." *Moser v. Mark*, 223 Or App 52, 57, 195 P3d 424 (2008). The elements of a legal malpractice claim are "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation, i.e.,* a causal link between the breach of duty and the harm." *Stevens v. Bispham*, 316 Or 221, 227, 851 P2d 556 (1993) (emphasis in original); *see also Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or 270, 277, 232 P3d 970 (2011) (elements of a legal malpractice claim are harm, causation, and tortious conduct). "To [plead] causation, the plaintiff must [allege] that, but for the defendant's negligence, the plaintiff would not have suffered the claimed harm. In a legal-malpractice action, the plaintiff does so by [alleging facts that demonstrate] that he or she would have obtained a more favorable result had the defendant not been negligent." *Woods v. Hill*, 248 Or App 514, 524, 273 P3d 354 (2012) (citation omitted).

Because the trial court dismissed some of plaintiff's specifications of negligence as untimely under ORCP 21 A(9), we must also evaluate whether the facts alleged, "if proved, would allow a reasonable trier of fact to find that the action was commenced within the time limited by statute." *Guirma*, 259 Or App at 780 (citing *Doe v. Lake Oswego School District*, 353 Or 321, 334, 297 P3d 1287 (2013)). "A professional negligence action must be filed within two years of the date on which the claim accrues." *Id.* at 779 (citing ORS 12.010; ORS 12.110(1); and *U.S. Nat'l Bank v. Davies*, 274 Or 663, 665-66, 548 P2d 966 (1976)). A legal malpractice claim accrues when "the client knows or, in the exercise of reasonable care, should know 'every fact which it would be necessary for the [client] to prove * * * in order to support his right to judgment.'" *Kaseberg*, 351 Or at 277 (quoting *Davies*, 274 Or at 666-67) (some internal quotation marks omitted). Accordingly, a legal malpractice claim accrues "when the client knows or, in the exercise of reasonable care, should know that there is a substantial possibility that (1) he or she has suffered harm, (2) the harm was caused by the lawyer's acts or omissions, and (3) the lawyer's acts or omissions were tortious." *Guirma*, 259 Or App at 779-80.

As to the statute of limitations, then, we must determine whether the facts alleged in plaintiff's complaint, and all favorable inferences that can be drawn from those facts, raise a question of fact about whether plaintiff did not know and, in the exercise of reasonable care, would not have known of a substantial possibility that (1) she suffered harm, (2) the harm was caused by defendant's actions or omissions, and (3) defendant's acts or omissions were tortious, until at least July 13, 2009, two years before plaintiff filed this action. Contrary to defendant's contention before the trial court, we make that determination on a specification-by-specification basis. *Gaston v. Parsons*, 318 Or 247, 260, 864 P2d 1319 (1994) ("Just because one specification of negligence in a complaint is barred by the statute of limitations, it does not necessarily follow that a specification of negligence having a different factual or legal basis is barred.").

Plaintiff's third amended complaint includes 49 specifications of negligence. With respect to each of those allegations, plaintiff alleges that she "began to learn of the consequences, implications, and finality of Defendant's misconduct after the original [dissolution] judgment had been signed." We have kept that allegation in mind as we have reviewed each of plaintiff's specifications of negligence. Based on that review, we have determined that the following specifications state a claim and at least raise a question of fact about whether they are time barred. Extended discussion would not benefit the parties, the bench, the bar, or the public; accordingly, as to each of these specifications, we restate plaintiff's claim as we understand it and briefly note why it is not time-barred. In one case, we have grouped specifications that address a similar subject together. The specifications other than those listed below fail to state a claim, on their face are barred by the statute of limitations, or both.

- Allegations in paragraph 7: Defendant failed to depose the husband in the dissolution proceeding, and that failure caused defendant not to have information about specific marital assets. The lack of information about those assets resulted in improper allocation of assets to the husband—that is, if defendant had deposed the husband, the result of

the property division would have been more favorable to plaintiff. Plaintiff learned of the additional assets in 2010. We conclude that a factfinder could determine, from those allegations, that, until then, although plaintiff knew or should have known that defendant had not deposed the husband, she did not know, nor should she have known, as a matter of law, that his failure to do so had caused her harm.

- Allegations in paragraphs 12, 44, and 50: Defendant used the value of a joint Smith Barney account at the time of the trial, rather than the value of the account at the time of filing, in calculating the property division. That caused injury to plaintiff because the husband had withdrawn $45,000 from the account between the time of filing and the time of trial. Certain withdrawals from that account by the husband resulted in the creation of a margin account debt of $66,000; defendant's failure to allocate those withdrawals to the husband also resulted in plaintiff being responsible for half of that debt. A factfinder could determine, from plaintiff's allegations, that she was not harmed by defendant's conduct until the judgment was entered, less than two years before she commenced this action.

- Allegations in paragraph 13: In accordance with an order of the court, the husband withdrew $126,135 from the Smith Barney account as a predistribution from the husband's share of that account. Defendant failed to include the predistribution in the allocation of that account in the property division, causing plaintiff a loss of $63,068. A factfinder could determine, from plaintiff's allegations, that she was not harmed by defendant's failure to include the predistribution in the property division until the judgment was entered.

- Allegations in paragraph 14: On several occasions, defendant failed to memorialize the oral interim support agreement between plaintiff and the husband in writing. That agreement was that, during the dissolution, plaintiff and the husband would

pay their living expenses from the husband's salary; they would not use preexisting assets for living expenses. When the husband stopped paying plaintiff interim support, defendant incorrectly advised plaintiff that her withdrawals from the Smith Barney account for her living expenses would be treated as interim support and so accounted for in the final judgment. That failure caused plaintiff to unnecessarily spend part of her share of the marital assets on living expenses during the dissolution. Although plaintiff knew that the husband had stopped paying her interim support, defendant's assurances that her withdrawals from the Smith Barney account would be treated as interim support in the judgment create a question of fact as to whether she knew or should have known before the judgment was entered that defendant's failure to put the agreement in writing had harmed her.

- Allegations in paragraph 42: Defendant erroneously allowed plaintiff to be charged twice in the property division for an IRA contribution of $2,500, causing her a loss of $2,500. A factfinder could determine from plaintiff's allegations that plaintiff was not harmed until the judgment was entered.

- Allegations in paragraph 54: Defendant miscalculated the coverture fraction by using 273 as the number of months of marriage, rather than the correct number, 288. That resulted in entitlement to less future retirement income for plaintiff than if defendant had used the correct number of months. A factfinder could determine from plaintiff's allegations that plaintiff was not harmed by defendant's incorrect coverture fraction calculation until the judgment was entered.

- Allegations in paragraph 55: The husband purchased approximately 36 additional "months of retirement" in his retirement plan with marital funds, causing those months to be marital assets. Defendant failed to designate those months as marital assets, causing plaintiff a loss of her share of

the husband's retirement benefits accrued over an additional 36 months. A factfinder could determine that plaintiff was not harmed by defendant's incorrect designation of the additional 36 months until the judgment was entered.

- Allegations in paragraph 56: Defendant failed to seek long-term spousal support for plaintiff. If he had done so, the court would have awarded her $2,200 per month in light of the fact that she had been a stay-at-home mother for 20 years in a 24-year marriage, taking care of the parties' children and the husband's parents and maintaining the home, and the fact that plaintiff, now employed, earns half what the husband does and receives many fewer benefits than he does. A factfinder could determine that plaintiff was not harmed by defendant's failure to obtain long-term spousal support until the judgment was entered.

Reversed and remanded.