Submitted March 6, reversed and remanded July 8, 2015

JOHNSON & LECHMAN-SU, P. C.,
a professional corporation,
*Plaintiff-Respondent,*

*v.*

Gayle Anne STERNBERG,
*Defendant-Appellant.*

Multnomah County Circuit Court
120302944; A151843

355 P3d 187

Gayle A. Sternberg filed the briefs *pro se.*

Richard A. Weill filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff, law firm Johnson & Lechman-Su, P.C., filed this action in 2012 to foreclose on a personal property lien to collect its unpaid attorney fees from defendant Sternberg, its former client, for work performed in a marital dissolution action. Below, the trial court granted plaintiff summary judgment on its claim and entered a general judgment foreclosing plaintiff's lien, awarding plaintiff $61,725 plus prejudgment interest in the amount of $10,745, as well as plaintiff's attorney fees and costs. Sternberg appeals that judgment, arguing, among other things, that the trial court erred in granting plaintiff's motion for summary judgment. We reverse and remand.

The facts are entirely procedural. Lechman-Su, an attorney with the law firm, represented Sternberg in a dissolution action. Sternberg failed to pay the attorney fees associated with that action and, in 2011, she filed a malpractice action against Lechman-Su. Meanwhile, also in 2011, plaintiff filed a lien on, among other things, Sternberg's investment account, claiming an amount of $61,725 plus interest for the unpaid attorney fees and costs for Sternberg's dissolution action.

In 2012, plaintiff initiated this action to foreclose the lien on Sternberg's investment account. Sternberg, who was representing herself then, and is representing herself on appeal, asserted as a defense to payment that plaintiff and Lechman-Su had committed legal malpractice. On that same basis, she asserted a counterclaim for damages.

In the spring of 2012, the trial court in Sternberg's malpractice action entered a judgment dismissing all of her claims with prejudice under ORCP 21 A(8) (failure to state a claim) or ORCP 21 A(9) (untimely claim). Soon after that, plaintiff filed a motion for summary judgment in this case, asserting that it had properly filed its lien for payment of attorney fees and that it was entitled to a judgment in its favor given that Sternberg's malpractice action had been dismissed with prejudice. Specifically, plaintiff argued that, with

"all malpractice allegations removed from her Answer, [Sternberg] has failed to 'fairly meet the substance of the

allegations denied.' ORCP 19A. As a result, all allegations of the complaint should be deemed admitted. Once the affirmative defense (malpractice) has been removed by application of *res judicata*, this court could grant plaintiff judgment on the pleadings. [Sternberg] has failed to make any allegations to support any affirmative defense."

In May 2012, Judge Cook, who was originally assigned to hear the motion, granted plaintiff's motion for summary judgment. However, in July 2012, Judge Cook set aside the order granting summary judgment following Sternberg's motion for change of judge. In August, a second judge, Judge You, considered plaintiff's motion for summary judgment and held a hearing at which Sternberg was given the opportunity to present her argument.

At the hearing on the motion, the trial court asked Sternberg what legal defense she had to plaintiff's claim for attorney fees. Sternberg insisted that she had raised triable issues of fact in her response to plaintiff's summary judgment motion regarding her attorney's malpractice in the dissolution action. She also noted that her malpractice case, relating to those issues, was on appeal.

The trial court told Sternberg that a court does not automatically stay a proceeding or judgment just because a notice of appeal has been filed and that, because the malpractice issues "were litigated, decided, resolved, dismissed with prejudice in a separate proceeding," they had "been resolved," and "you don't revisit those here." The court stated that Sternberg had not asserted any legal defense, aside from the already litigated issue of malpractice, that prevented plaintiff from foreclosing and collecting on the lien. The trial court granted plaintiff's summary judgment motion. Following the entry of judgment, plaintiff foreclosed its lien on Sternberg's investment account and filed a satisfaction of judgment with the trial court. Sternberg timely filed a notice of appeal to challenge the judgment in this action.

In her first assignment of error, Sternberg contends that plaintiff was not entitled to summary judgment, and she contends in her seventh assignment of error that the court erred in allowing disbursement of funds from her

investment account. Recently, we reversed and remanded the judgment in the malpractice action, because the trial court had erroneously ruled that some of Sternberg's claims were either untimely or that she had failed to sufficiently plead allegations that would allow the relief sought. *Sternberg v. Lechman-Su*, 271 Or App 401, 350 P3d 593 (2015). Our decision in *Sternberg* undermines the sole basis for the trial court's decision to grant summary judgment in this case, namely that issue preclusion barred Sternberg from claiming malpractice as a legal defense to plaintiff's lien claim.

The doctrine of issue preclusion operates to prevent the relitigation of issues that have been fully litigated in a prior proceeding between the same parties. Under the doctrine of issue preclusion, "[i]f one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if": (1) "[t]he issue in the two proceedings is identical"; (2) "[t]he issue was actually litigated and was essential to a final decision on the merits in the prior proceeding"; (3) "[t]he party sought to be precluded has had a full and fair opportunity to be heard on that issue"; (4) "[t]he party sought to be precluded was a party or was in privity with a party to the prior proceeding"; and (5) "[t]he prior proceeding was the type of proceeding to which this court will give preclusive effect." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993). At the summary judgment stage, issue preclusion applies as a matter of law only if it can be conclusively determined from the record that "all the *Nelson* requirements [are] satisfied." *Barackman v. Anderson*, 338 Or 365, 372, 109 P3d 370 (2005).

Here, Sternberg defended against plaintiff's motion for summary judgment on its claim for attorney fees by arguing that her lawyer, Lechman-Su, had committed malpractice in his representation of her in her dissolution action. The court concluded that Sternberg could not raise malpractice as a defense because she had already lost on that issue in her malpractice action. However, because we have since reversed and remanded the judgment in Sternberg's malpractice action, the issue of whether Lechman-Su committed malpractice has yet to be litigated, and, therefore, issue preclusion does not bar Sternberg's malpractice defense to

plaintiff's claim. Because the trial court in this case relied on the dismissal of Sternberg's malpractice action and issue preclusion in granting plaintiff's motion for summary judgment, and because our decision in *Sternberg* renders that basis invalid, we reverse the judgment and remand for further proceedings.

We briefly address Sternberg's remaining assignments of error. In her second assignment of error, Sternberg argues that Judge Cook erroneously granted summary judgment due to extrinsic fraud and fraud in the inducement on the part of plaintiff. As mentioned above, Judge Cook set aside her order granting summary judgment. Thus, Sternberg assigns error to an order that no longer exists. Next, Sternberg assigns error to Judge You's grant of summary judgment, arguing that Judge You could not rule on plaintiff's motion because that motion "had previously been voided/set aside." We reject that assignment of error as well, because it is based on a false premise. Again, Judge Cook set aside *the order granting* summary judgment; she did not deny the motion for summary judgment itself, which remained for Judge You to decide. We also reject Sternberg's argument that Judge You, a circuit court judge for Multnomah County, lacked authority to rule on the motion. Finally, given our resolution of this appeal, we need not reach Sternberg's fifth and sixth assignments of error, in which she argues that the court erred in (1) allowing plaintiff to include as part of its claim an 18 percent interest rate on the unpaid attorney fees and (2) refusing to schedule a hearing on her ORCP 71 motion to set aside the order granting summary judgment entered by Judge You.

Reversed and remanded.