AOYAGI, J.
*437 In this legal malpractice case, plaintiff, individually and as trustee of the Payne Living Trust, filed an action against his former attorney for alleged negligence and breach of fiduciary duty. The trial court granted summary judgment in favor of defendant. The court applied issue preclusion to conclude that the judgment in a separate action between plaintiff and his son established that, even if defendant was negligent, he did not cause any damages to plaintiff. The court also ruled that plaintiff could not pursue claims on behalf of the trust or its beneficiaries. Plaintiff assigns error to both aspects of the court's ruling. For the reasons that follow, we agree with plaintiff that the record is inadequate to conclusively establish issue preclusion and, accordingly, reverse and remand the judgment in that regard. Otherwise, we affirm.
We state the facts, which are largely undisputed, in the manner most favorable to plaintiff as the party who opposed summary judgment. Wyers v. American Medical Response Northwest, Inc. , 360 Or. 211, 214, 377 P.3d 570 (2016).
Prior to filing this action, plaintiff filed an action against his son Clayton (the Clayton action). Plaintiff and his son had been business partners and, upon dissolution of their partnership, distributed their partnership assets, including certain real property. At the time, plaintiff was the trustee of the Payne Living Trust, which "includes" the Family Trust.[1] Plaintiff filed the Clayton action both individually and in his capacity as trustee of the Payne Living Trust. Essentially, plaintiff took issue with the distribution of property upon dissolution of the partnership with his son and alleged, among other things, that certain property should have been distributed to him personally rather than transferred to the Family Trust. Plaintiff's son counterclaimed that plaintiff had breached his fiduciary duties to *438 the Family Trust by failing to fund the trust properly, keep adequate records, and use the trust assets properly.
After a bench trial in the Clayton action, the trial court denied plaintiff's claims against his son, declared the value of the Family Trust's assets, and concluded that the partnership had been dissolved and wound up. As to the counterclaims, the court ruled that plaintiff had failed to act impartially in inventorying, managing, and distributing the *633 property of the Family Trust and had failed to keep adequate records. Consequently, it removed plaintiff as trustee of the Family Trust, but otherwise denied the son's counterclaims. The court did not award damages to either party but authorized the Family Trust to pay up to $50,000 in attorney fees to each party.
In the meantime, plaintiff filed this action against defendant. As he in the Clayton action, plaintiff brought his claims both individually and as trustee of the Payne Living Trust. He asserted two claims against defendant-(1) legal malpractice, and (2) breach of fiduciary duty-based on legal advice that defendant gave plaintiff regarding personal matters and trust matters. Plaintiff alleged that defendant negligently advised him on a variety of topics, including the ownership of real property as among him, his son, and three trusts; the value of certain real and personal property; the division and deeding of real property; the administration of the Family Trust and related real property issues; and an agreement between plaintiff and his son regarding plaintiff's home.
After the trial court issued its decision in the Clayton action, defendant moved to amend his answer in this action to add the defense of issue preclusion, which motion the court granted. Defendant also moved for summary judgment. Defendant argued that plaintiff, who had been removed as trustee, lacked authority to pursue claims on behalf of the trust. As for the claims brought in plaintiff's individual capacity, defendant argued that the outcome of the Clayton action conclusively established that, regardless of any alleged negligence or breach of fiduciary duty on defendant's part, plaintiff had not suffered any damages and therefore could not prevail against defendant as a matter of law.
*439 The trial court granted defendant's motion. As stated in the court's written order,
"The Court and counsel agreed that Defendant's pending Motion for Summary Judgment (filed May 7, 2014) is to be ruled upon as if it were directed to the Second Amended Complaint, and that motion is:
"a. GRANTED as to Myron Dale Payne in his capacity as Trustee of the Payne Living Trust. Mr. Payne is without authority to further pursue the claims in this case in behalf of the Payne Living Trust and its beneficiaries and it is hereby ORDERED that he be dismissed from this lawsuit, in that capacity, as a party plaintiff.
"b. GRANTED as to all remaining claims asserted in behalf of Myron Dale Payne, individually. The Findings of Fact and Conclusions of law made by The Honorable Lauren Holland in Lane County Case No. 16-13-17915 (Myron Dale Payne as Trustee of the Payne Living Trust, and Myron Dale Payne, individually vs. Clayton Dale Payne), conclusively establish that, if the defendant in this case was negligent or did breach his fiduciary duty, Myron Dale Payne did not sustain damage as a result of any such negligence or breach. There are no genuine issues of material fact with respect to damages and Defendant is entitled to judgment as a matter of law."
Plaintiff appeals, assigning error to both aspects of the court's above-quoted ruling.
Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. ORCP 47 C; Wyers , 360 Or. at 230, 377 P.3d 570.
In his first assignment of error, plaintiff argues that, with respect to his claims brought individually, the trial court erred in granting summary judgment to defendant based on issue preclusion. Defendant responds that the court did not err and that the judgment may be affirmed for either of two reasons: first, that plaintiff did not put forward any damages evidence in opposition to summary judgment, and, second, that issue preclusion conclusively resolves plaintiff's claims against defendant. We do not consider the first issue.
*440 Defendant did not argue in his summary judgment motion or at the summary judgment hearing that plaintiff had no evidence of damages to create a genuine dispute of material fact on damages; the only argument he made was that issue preclusion applied. We disagree with defendant that the trial court intended to grant summary judgment *634 on a basis that was never argued to the trial court.[2] See Two Two v. Fujitec America, Inc. , 355 Or. 319, 326, 325 P.3d 707 (2014) ("Parties seeking summary judgment must raise by motion the issues on which they contend they are entitled to prevail as a matter of law. Parties opposing summary judgment have the burden of producing evidence that creates a material issue of fact as to those issues, but only as to those issues.").
We turn then to the question of issue preclusion. Issue preclusion promotes finality and judicial economy by preventing parties from relitigating an issue that has been fully addressed in another proceeding. It applies when (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which this court will give preclusive effect. Nelson v. Emerald People's Utility Dist. , 318 Or. 99, 104, 862 P.2d 1293 (1993).
"At the summary judgment stage, issue preclusion applies as a matter of law only if it can be conclusively determined from the record that all the Nelson requirements are satisfied." Johnson & Lechman-Su, P.C. v. Sternberg , 272 Or.App. 243, 246, 355 P.3d 187 (2015) (quoting Barackman v. Anderson , 338 Or. 365, 372, 109 P.3d 370 (2005) (internal quotation marks and brackets omitted) ). Here, that standard is not met. The existing summary judgment record suggests that issue preclusion may apply, but it does not *441 conclusively establish that the issues decided in the Clayton action foreclose any possible damages in this action.
Plaintiff claims in this action that defendant's legal advice to him, regarding personal and trust matters, fell below the standard of care in various regards, resulting in damages to him. In the Clayton action, as both parties recognize, the trial court only addressed the claims between plaintiff and his son. It did not address plaintiff's legal malpractice claims against defendant. Although it cannot be disputed that there is significant overlap between the two actions, both of which relate, in whole or in part, to the disposition of certain property as among plaintiff, his son, and the trust, it is not at all clear that the trial court's findings and conclusions in the Clayton action entirely foreclose plaintiff from proving damages in this action.
Our inability to reach that conclusion with legally sufficient certainty may be due to the paucity of the record. The summary judgment record in this action contains only, with respect to the Clayton action, the complaint, the court's findings and conclusions after trial, and the judgment. It does not contain the trial transcript or anything else from the trial court file. Given the nature of issue preclusion, such a slim record is not conducive to "conclusively determin[ing]" that all of the requirements for issue preclusion are met. Johnson & Lechman-Su, P.C. , 272 Or.App. at 246, 355 P.3d 187.
The following is one example (and only an example) of how the record, viewed in the light most favorable to plaintiff, does not conclusively establish that the findings and conclusions in the Clayton action foreclose any possibility of damages in this action. In 2011, plaintiff and his son signed a sales agreement and a mutual release, both of which defendant drafted or participated in drafting on behalf of plaintiff, regarding plaintiff's sale of his home in Cottage Grove to his son. A dispute thereafter arose between plaintiff and his son regarding the scope of the release. In the Clayton action, plaintiff asserted two claims for specific performance of the release and two claims for fraud in connection with the release. After trial, without making any specific findings, the court concluded that plaintiff had "not *442 met the burden of proof" on his claims against his son for specific performance and fraud. *635 In this action, plaintiff claims that defendant was negligent in advising him about the division of property with his son. Although plaintiff's complaint is not entirely clear, it is apparent from the record and the parties' arguments to the trial court that the mutual release issue is intertwined with the property distribution issues. Plaintiffs' claims therefore encompass alleged negligence by defendant regarding the release. On the existing summary judgment record, it is not possible to conclusively determine that the findings and conclusions in the Clayton action preclude any possibility of recovering damages for that alleged negligence. If defendant negligently failed to obtain the agreed release or negligently advised plaintiff regarding the scope of the release, then defendant might be liable to plaintiff for that negligence, even if plaintiff's son was not liable to plaintiff based on the actual release they signed. Based on the existing summary judgment record, the trial court in the Clayton action did not address any advice or discussions between plaintiff and defendant-it addressed only the agreement actually signed by plaintiff and his son. The record therefore does not conclusively establish that the findings and conclusions in the Clayton action foreclose any possibility of damages in this action.
On this record, defendant was not entitled to judgment as a matter of law. See Johnson & Lechman-Su, P.C. , 272 Or.App. at 246, 355 P.3d 187 (summary judgment should be granted based on issue preclusion only when "it can be conclusively determined from the record" that all of the requirements for issue preclusion are satisfied). Accordingly, the trial court erred in granting summary judgment on plaintiff's claims based on issue preclusion. On remand, if defendant continues to pursue issue preclusion and provides the trial court with a more complete record of the Clayton action, we leave it to the trial court to address those arguments as appropriate.
We turn then to plaintiff's second assignment of error, which challenges the trial court's dismissal of plaintiff's claims on behalf of the trust and its beneficiaries. At the conclusion of the Clayton action, the court removed plaintiff as trustee of the Family Trust. Thereafter, in this *443 action, the court ruled that plaintiff was "without authority to further pursue the claims in this case on behalf of the Payne Living Trust and its beneficiaries." Plaintiff argues that the court erred because, under Roberts v. Fearey , 162 Or.App. 546, 986 P.2d 690 (1999), any claims against defendant for negligent advice given to plaintiff while he was trustee belong to plaintiff, not the successor trustee.
In Roberts , a successor trustee brought a malpractice action against a former trustee's attorney on behalf of certain trusts and their beneficiaries. The issue presented was "whether a trustee's attorney can be liable to the beneficiaries of the trust for legal malpractice." Id . at 548, 986 P.2d 690. We answered no, concluding that the attorney's duty ran to his client, not to the trusts or their beneficiaries. Id . In addition to avoiding conflicts for the attorney, that general rule keeps the emphasis "where it more properly belongs: upon the trustee's judgments, choices, and actions." Id . at 556, 986 P.2d 690 (emphasis in original). Thus, under Roberts , typically the only person who may pursue malpractice claims against a former trustee's attorney is the former trustee, not the trust, its beneficiaries, or a successor trustee. See id . Redress for losses suffered by the trust or its beneficiaries lies with an action by the current trustee against the former trustee. Id . Redress for any losses suffered by the former trustee due to an attorney's negligence lies in a malpractice action by the former trustee against the former attorney. See id . ("Successor trustees may still sue their breaching predecessors, and if the breaching trustees received inadequate legal services, they in turn may sue their attorneys for malpractice.")
As plaintiff correctly recognizes, under Roberts , he is not permitted to pursue claims against defendant on behalf of the trust or its beneficiaries, but he may pursue his claims against defendant individually. Plaintiff told the trial court at the summary judgment hearing that he sought damages for his own injury and damages as a result of defendant's negligent advice and that, "[a]s to whether he may claim damages to the family trust, that's not what we're here on, that's something for the current trustee * * *." Similarly, in his reply brief on appeal, plaintiff states: "Plaintiff *636 Trustee was not seeking to pursue claims on behalf of the Family *444 Trust or its beneficiaries. Plaintiff Trustee was seeking claims for the damages he sustained as Trustee which were caused by Defendant's breaches and negligence."
The trial court's ruling is consistent with plaintiff's own position and with Roberts . The trial court never ruled that plaintiff lacked authority to pursue his own claims, including claims for allegedly negligent advice that defendant provided to him when he was trustee. Plaintiff recognizes the narrow scope of the trial court's ruling on the trust claims in his assignment of error, which asserts: "The Trial Court erred by ruling that Plaintiff Trustee did not have authority to pursue Plaintiff's claims on behalf of the Trust and its beneficiaries ." (Emphasis added.) Plaintiff cannot successfully assign error to a ruling that was consistent with his own concession. Cf. State v. Ray , 179 Or.App. 397, 402, 40 P.3d 528 (2002) (any error in the trial court's conclusion was invited by the state's concession). To the extent that plaintiff was pursuing claims on his own behalf-that is, individually-those claims were unaffected by the trial court's ruling that he could not pursue claims on behalf of the trust and its beneficiaries.[3]
In sum, the trial court did not err in dismissing plaintiff's claims to the extent they were brought on behalf of the trust and its beneficiaries. The court did err, however, in granting summary judgment to defendant on plaintiff's claims brought in an individual capacity, based on issue preclusion, on this summary judgment record.
Reversed and remanded as to claims brought in individual capacity; otherwise affirmed.

Plaintiff and his wife created a revocable trust, the Payne Living Trust, in 1997. Upon the death of plaintiff's wife in 2002, the trust split into two trusts: the "Survivor's Trust," a revocable trust, and the "Family Trust," an irrevocable trust. Plaintiff appears to use "Payne Living Trust" as a collective term, referring to it as "including" the Survivor's Trust and the Family Trust. We express no view on the propriety of that description.

Defendant's argument on appeal is based on the trial court's somewhat ambiguous phrasing when it ruled orally on defendant's summary judgment motion. Given the parties' arguments and the court's written order, we understand the court to have granted summary judgment regarding damages solely based on issue preclusion.

In both the Clayton action and this action, plaintiff filed claims "as trustee of the Payne Living Trust." As part of his second assignment of error, plaintiff argues for the first time in his reply brief on appeal that his claims as trustee should not have been dismissed entirely because the trial court only removed him as trustee of the Family Trust. That alleged error is unpreserved and was not raised in the opening brief, so we do not consider it. See ORAP 5.45(1) (preservation requirement); State v. Wyatt , 331 Or. 335, 341, 15 P.3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal"); Federal National Mortgage Association v. Goodrich , 275 Or.App. 77, 86, 364 P.3d 696 (2015) ("We will not consider a ground for reversal that is raised on appeal for the first time in a reply brief.").