Argued and submitted August 29, appeal dismissed November 20, 2019

Thomas BISHOP
and Dorbina Bishop,
Trustees of the Bishop Family Trust,
*Plaintiffs-Appellants,*

*v.*

KC DEVELOPMENT GROUP, LLC,
an Oregon limited liability company;
Eric Cadwell and Brianna Cadwell, individually
and as Trustees of the Cadwell Family Trust;
Carlton Cadwell, an individual;
Lynda Cadwell, an individual;
Harris Kimble, an individual;
Nancy Kimble, an individual;
Tumalo Irrigation District,
an irrigation district organized under
the laws of the State of Oregon; and
Deschutes County, a municipal corporation
organized under the laws of the State of Oregon,
*Defendants-Respondents.*

Deschutes County Circuit Court
17CV21383; A166238

453 P3d 613

Plaintiffs appeal the trial court's dismissal of their complaint to enforce Deschutes County land use ordinances. The trial court determined that it lacked subject matter jurisdiction over the complaint and dismissed it. Defendants contend that we should dismiss plaintiffs' appeal, because subsequent events have rendered it moot. *Held*: The appeal is moot because plaintiffs' complaint is premised on the developer not having the required land use approvals for improvements on its property that the developer has now obtained, and which are final. Further, the court declines to exercise its discretion, as allowed under ORS 14.175, to hear an otherwise moot case.

Appeal dismissed.

Stephen P. Forte, Judge.

Jennifer M. Bragar argued the cause for appellants. Also on the briefs were Tomasi Salyer Martin; and Megan K. Burgess and Peterkin & Associates.

Sara Kobak argued the cause for respondents. Also on the joint briefs were Elizabeth Howard and Schwabe, Williamson & Wyatt, P.C.; and Adam Smith and John E. Laherty.

Before Ortega, Presiding Judge, and Lagesen, Judge, and James, Judge.

ORTEGA, P. J.

Appeal dismissed.

**ORTEGA, P. J.**

Plaintiffs appeal the trial court's dismissal of their complaint to enforce Deschutes County land use ordinances. The trial court determined that it lacked subject matter jurisdiction over the complaint and dismissed it. Defendants now contend that we should dismiss plaintiffs' appeal, because subsequent events have rendered it moot. For the reasons explained below, we agree with defendants and dismiss the appeal.

We briefly recite the history of this case, as necessary to understand the mootness issue on appeal. The defendants in this action are, among others, Deschutes County, Tumalo Irrigation District, and KC Development Group, LLC (KCDG).[1] The property in this case is located in Deschutes County and was formerly the site of a large aggregate mining operation. After the mines were closed and reclaimed, the property was zoned Rural Residential 10-acre minimum (RR-10). The property is also subject to the county's Wildlife Area (WA) combining zone, which protects deer winter range. In 2014, KCDG excavated the reclaimed mining pits and built two recreational lakes, which are lined with impervious surfaces. One lake is designed as a water-skiing lake—it is a long, narrow oval, holds about 68-acre feet of water, and is equipped with two islands, ramps, a dock, and pilings for three boathouses. The other lake is designed for passive recreation, such as nonmotorized boating and swimming—it is round, holds about 57-acre feet of water, and is equipped with three docks. In May 2014, KCDG filled the lakes with water from the Tumulo Irrigation District (the district).

After KCDG had finished filling the lakes, the county determined that KCDG needed land use approvals for its activities. In 2015, KCDG and the district submitted applications to the county for conditional use permits for a "large-acreage recreation-oriented facility" and "surface mining to construct a reservoir in conjunction with an irrigation district." In 2016, the county denied those applications

---

[1] Plaintiffs also brought their complaint against the individual members of KCDG and the record owners of the property at issue. We refer to those defendants collectively as KCDG.

(the 2016 Denial), and KCDG discontinued water skiing and irrigation district water storage uses.

Plaintiffs filed their complaint in May 2017, premised on the circuit court's jurisdiction to enforce Deschutes County's land use ordinances, under ORS 197.825(3),[2] ORS 215.185(1),[3] and ORS 215.190.[4] Plaintiffs alleged that, in 2014, KCDG constructed the lakes and a new road without obtaining required land use approvals, water storage permits, or a surface mining operator's permit necessary for the excavation of the reclaimed mining pits. Plaintiffs sought declaratory and injunctive relief that would enforce the 2016 Denial, require KCDG to fill in the lakes and restore the property to its former state, and enjoin the county from processing any new land use applications from KCDG until the lakes are removed and the property restored. The court dismissed that complaint based on its conclusion that it lacked subject matter jurisdiction. This appeal is plaintiffs' appeal of that judgment.

─────────────

[2] ORS 197.825(3) provides:

"Notwithstanding subsection (1) of this section, the circuit courts of this state retain jurisdiction:

"(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations; and

"(b) To enforce orders of the board in appropriate proceedings brought by the board or a party to the board proceeding resulting in the order."

[3] ORS 215.185(1) provides:

"In case a building or other structure is, or is proposed to be, located, constructed, maintained, repaired, altered, or used, or any land is, or is proposed to be, used, in violation of an ordinance or regulation designed to implement a comprehensive plan, the governing body of the county or a person whose interest in real property in the county is or may be affected by the violation, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement, or other appropriate proceedings to prevent, temporarily or permanently enjoin, abate, or remove the unlawful location, construction, maintenance, repair, alteration, or use. When a temporary restraining order is granted in a suit instituted by a person who is not exempt from furnishing bonds or undertakings under ORS 22.010, the person shall furnish undertaking as provided in ORCP 82 A(1)."

[4] ORS 215.190 provides: "No person shall locate, construct, maintain, repair, alter, or use a building or other structure or use or transfer land in violation of an ordinance or regulation authorized by ORS 215.010 to 215.190 and 215.402 to 215.438."

While plaintiffs' complaint was still pending below, KCDG submitted two new land use applications to the county that addressed deficits in their 2015 application which had been identified by the county in the 2016 Denial. One of the applications sought retroactive authorization for construction of the lakes as part of a planned unit development and a conditional use permit to use the lakes as private recreation-oriented facilities, with one lake to be used as a ski lake and the other for passive recreational uses. The second application sought to have the lakes included in the county's inventory of nonsignificant mineral and aggregate resources, an "after-the-fact" conditional use permit to use the lakes as reservoirs for use by the district, and "after-the-fact" approval for surface mining needed to construct the lakes. In 2018, the county approved both of those applications, subject to certain conditions (the 2018 Approvals).

As relevant here, the 2018 Approvals determined that the provisions of Deschutes County Code (DCC) 22.20.015[5] did not apply to prevent the approvals because "no 'violation,' as defined by the code had been found to exist,"

---

[5] DCC 22.20.015 provides, in part:

"A. Except as described in (D) below, if any property is in violation of applicable land use regulations, and/or the conditions of approval of any previous land use decisions or building permits previously issued by the County, the County shall not:

"1. Approve any application for land use development;

"2. Make any other land use decision, including land divisions and/or properly line adjustments;

"3. Issue a building permit.

"* * * * *

"C. A violation means the property has been determined to not be in compliance either through a prior decision by the County or other tribunal, or through the review process of the current application, or through an acknowledgement by the alleged violator in a signed voluntary compliance agreement ('VCA').

"D. A permit or other approval, including building permit applications, may be authorized if:

"1. It results in the property coming into full compliance will all applicable provisions of the federal, state, or local laws, and Deschutes County Code, including sequencing of permits or other approvals as part of a voluntary compliance agreement."

DCC 22.28.040[6] grants the right to refile denied applications and obtain new decisions on the merits of the new applications, the excavation to create the lakes was in conjunction with an irrigation district, and the county was authorized to grant the "after-the-fact" approvals. The county further noted that "this decision is intended to, and in fact does, supersede and replace all other decisions, including denials, of previous land use applications on the subject property. This decision expressly supersedes and replaces the permit denials" issued in 2016.

Plaintiffs appealed the 2018 Approvals to LUBA, which affirmed. *Bishop v. Deschutes County*, ___ Or LUBA ___ (LUBA No 2018-111/112, May 1, 2019). LUBA made several conclusions that are relevant here. First, LUBA determined that plaintiffs' complaint in the circuit court, and this appeal, did not deprive the county of the authority to consider defendants' applications or issue the 2018 Approvals, nor did it limit LUBA's scope of review of the 2018 Approvals. *Id.* at ___ (slip op at 16-17). LUBA next determined that the county's interpretation of DCC 22.20.015 was consistent with the text and purpose of the ordinance and, under that interpretation, the county reasonably concluded that the ordinance did not apply. *Id.* at ___ (slip op at 23). In the alternative, LUBA determined that, even if DCC 22.20.015 applied, the county complied with its requirements. *Id.* at ___ (slip op at 24-25). LUBA also determined that the county was not prohibited from issuing the 2018 Approvals by the doctrines of issue or claim preclusion and that the county could rely on DCC 22.28.040 to allow the refiling of the denied applications. *Id.* at ___, ___ (slip op at 27-28, 31-32). Finally, LUBA determined that the county was not prohibited from authorizing retroactive approval of the construction of the lakes and road. *Id.* at ___ (slip op at 52-53).

Plaintiffs sought judicial review of LUBA's decision, and we affirmed without an opinion. *Bishop v. Deschutes County*, 298 Or App 841, 449 P3d 574 (2019). Plaintiffs

---

[6] DCC 22.28.040(A) provides: "If a specific application is denied on its merits, reapplication for substantially the same proposal may be made at any time after the date of the final decision denying the initial application."

did not seek Supreme Court review of our decision. In this appeal, defendants argue that, because the 2018 Approvals are now final, plaintiffs' appeal is moot and we should dismiss the appeal.

The Supreme Court has summarized the law on when a case is moot in a declaratory judgment action such as this one:

> "Whether a case is moot depends on whether a justiciable controversy exists. *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). In a declaratory judgment action like the present one, a justiciable controversy 'must involve a dispute based on present facts rather than on contingent or hypothetical events.' *TVKO v. Howland*, 335 Or 527, 534, 73 P3d 905 (2003). In a similar vein, this court has stated that a case is moot '[i]f, because of changed circumstances, a decision no longer will have a practical effect on or concerning the rights of the parties.' *State v. Hemenway*, 353 Or 498, 501, 302 P3d 413 (2013) (internal quotation marks omitted). A case is also moot 'when an event occurs that renders it impossible for the court to grant effectual relief.' *Hamel v. Johnson*, 330 Or 180, 184, 998 P2d 661 (2000) (internal quotation marks and brackets omitted)."

*Rogue Advocates v. Board of Comm. of Jackson County*, 362 Or 269, 272, 407 P3d 795 (2017).

We conclude that this case is moot. Plaintiffs' complaint for declaratory and injunctive relief is premised on KCDG not having required land use approvals for the construction and use of the lakes and road on its property and, more specifically, it is premised on seeking to enforce the 2016 Denial. KCDG, however, has since obtained all necessary approvals from the county for the construction and use of the lakes and road, and those approvals are final and not subject to further challenge. The 2018 Approvals specifically took the place of the 2016 Denial with respect to those uses on KCDG's property. Thus, a decision in this case on the issue of whether the circuit court had subject matter jurisdiction to hear plaintiffs' complaint will not have a practical effect on the parties, and this case is now moot.

Plaintiffs, however, assert that their appeal is not moot. Plaintiffs argue that the county was not authorized to retroactively approve the construction of the lakes, and also was not authorized to do so after they filed their enforcement action, and, thus, the 2018 Approvals should be treated as "a nullity." Plaintiffs also argue that DCC 22.20.015 prohibited the county from processing the land use applications that resulted in the 2018 Approvals. Plaintiffs further emphasize the breadth of their complaint, which they argue is not solely about the 2016 Denial. They argue that,

> "[c]onsidering the full scope of plaintiffs' complaint, and construing its allegations in plaintiffs' favor, demonstrates that proceeding to the merits will have a practical effect on the rights of the parties. But for the circuit court's error in dismissing the complaint, the 2018 [Approvals] would not have been made, and an injunction to remove the unpermitted lakes and reclaim the property could have issued, thus granting an effective remedy."

Defendants respond that plaintiffs' arguments were considered and rejected by LUBA on appeal of the 2018 Approvals, which we affirmed, and that plaintiffs cannot now collaterally attack the 2018 Approvals in this appeal.

We agree with defendants. Plaintiffs' only argument that their appeal is not moot is that the county could not issue the 2018 Approvals. Plaintiffs fully litigated and lost that issue in its appeal to LUBA, which we affirmed. Those decisions are now final. Generally, "[t]he doctrine of issue preclusion operates to prevent the relitigation of issues that have been fully litigated in a prior proceeding between the same parties." *Johnson & Lechman-Su, P.C. v. Sternberg*, 272 Or App 243, 246, 355 P3d 187 (2015); *see also Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (setting out five factors for applying issue preclusion). Defendants have made a *prima facie* case that the three factors for which they have the burden have been met, and plaintiffs have not provided us with a basis on which to conclude that issue preclusion should not apply here. *See Barackman v. Anderson*, 214 Or App 660, 667, 167 P3d 994 (2007), *rev den*, 344 Or 401 (2008) (the party seeking preclusive effect must make a *prima facie* case on the first, second, and fourth *Nelson* factors; then the burden shifts to the

party against whom preclusion is asserted for the third and fifth factors). As a result, plaintiffs cannot now assert that the county was not authorized to issue the 2018 Approvals as a basis on which to continue this case.

Further, even if the issue were properly before us, plaintiffs have not pointed to any authority that supports their position that the county could not process and approve KCDG's new land use applications while this litigation was pending.[7] *See Rogue Advocates*, 362 Or at 276 (Walters, J., concurring) ("As I read ORS 197.825, a circuit court would have jurisdiction to declare that a landowner's use of property is in violation of a land use regulation or a LUBA order and to enjoin that use, even if the landowner could, in the future, obtain a land use decision from a local government or LUBA that would permit that use. The commencement of an action in circuit court would not preclude the landowner from seeking such permission."). We understand plaintiffs' frustration with the land use process as it has played out in this case, which has allowed their enforcement action to become moot through subsequent approvals. However, the land use scheme allows that outcome, at least in the circumstances of this case, and we are aware of no authority that supports plaintiffs' position that it is not allowed. We appreciate plaintiffs' concern that this scheme could encourage developers to build first and seek approvals later, but that concern does not negate the mootness of plaintiffs' case.

Although this case is moot, we are not necessarily required to dismiss it. "Even if moot, [public actions or cases

---

[7] In making their argument, plaintiffs cite to *State ex rel Coastal Management, Inc. v. Washington Cty.*, 159 Or App 533, 979 P2d 300 (1999), for the proposition that they could rely on the finality of the 2016 Denial in bringing their enforcement action and the county's decision to issue 2018 Approvals after filing of that action should be considered a nullity. *Coastal Management*, however, does not stand for that proposition. That case was a mandamus proceeding brought under *former* ORS 215.428(7) (1997), *renumbered as* ORS 215.429 (1999), after the local government failed to make a timely decision on a land use application. In that context, we said that the local government could not rely on the untimely decision it made on the application, after the filing of the mandamus proceeding, as a basis on which to obtain deference to its interpretation of the applicable ordinances. *Id.* at 542. We did not suggest in that case that the filing of an enforcement action would render any related, subsequent land use decisions a "nullity," nor are we aware of a legal basis on which we could make such a suggestion.

involving matters of public interest] may be justiciable if the parties can satisfy the requirements set out in ORS 14.175."[8] *Rogue Advocates*, 362 Or at 272. "That statute allows a court to issue a judgment when the case is moot but the challenged act is capable of repetition yet is likely to evade judicial review and the other terms of the statute are met." *Id.* The question is "whether the general type or category of challenge at issue is likely to evade being fully litigated." *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 17, 376 P3d 288 (2016). Plaintiffs argue that we should reach the merits in this appeal based on those considerations. We decline to do so.

Even assuming that this case does meet the requirements in ORS 14.175, we decline to exercise our authority to issue a judgment in this case. *See Couey v. Atkins*, 357 Or 460, 522, 355 P3d 866 (2015) (court has discretion whether to decide an otherwise moot case). In doing so, we agree with the reasoning of the Supreme Court, when it declined to exercise such authority in *Rogue Advocates*: "The likelihood that a circuit court ruling denying jurisdiction in circumstances similar to these will evade review in this court is not so great as to justify our exercise of discretion to continue to hear this case." 362 Or at 272-73. Accordingly, we dismiss the appeal.

Appeal dismissed.

---

[8] ORS 14.175 provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."